## ROYCE vs. BURT.

Where the judgment of a justice's court is put in evidence as establishing a right to property not in litigation in that court, and the pleading upon which the judgment was founded, and the justice's docket, are insufficient to show whether the plaintiff recovered the consideration he had paid as upon a rescission of a contract, or damages for a breach of warranty; upon which fact the effect of the judgment as a bar wholly depends; it may be shown what facts were proved before the justice, *aliunde* the record, in order to determine that question.

Where it appears doubtful from the pleadings in a justice's court, and from the docket of the judgment, what was really tried and passed upon by the justice, it is competent to prove, *aliunde*, that he tried and passed upon any facts or questions that might have been litigated under the pleadings.

It may be shown that under an indefinite pleading in the justice's court, any question was litigated which the law would, under the circumstances of the case, have allowed to be tried.

If the plaintiff might have recovered, under his complaint, with adequate proof, either for a breach, or for a rescission of a contract, he or any party interested, is at liberty to show upon which ground the recovery was in fact had.

APPEAL from a judgment entered upon a nonsuit at the circuit. The case was first tried before Mr. Justice HOYT at the Genesee circuit in June, 1863, and the plaintiff was nonsuited. A motion for a new trial was made, on exceptions, before the general term of the 8th district, and granted. At the second trial the plaintiff was again nonsuited, and after judgment appealed. The appeal was heard before the general term of the 7th district and the judgment reversed and a new trial ordered.(*a*) The case came on for its third trial at the Genesee circuit in November 1863, and the plaintiff was again nonsuited.

The action was brought for the conversion of a carriage. The plaintiff showed on each trial, in substance, that in July, 1861, he sold and delivered to the defendant a mowing machine for the price of $85, and took in payment therefor the carriage in question and the note of the defendant for $35: that by agreement with the defendant he left the carriage at

(*a*) See ante, p. 339, S. C.

the defendant's barn for a few weeks, and that afterwards he called for the carriage, and the defendant refused to let him take it away.

The plaintiff also called one Bosworth, a justice of the peace, as a witness, and proved by him his docket and the complaint in an action brought before said justice by said defendant against said plaintiff; which docket and complaint were as follows:

"In justice's court—before J. W. Bosworth, justice, Benjamin Burt *ag't* John S. Royce. 1861, Nov. 9th. Short summons issued, returnable the 13th inst., at 10 o'clock A. M., at my office. Affidavit on file. Nov. 9th, summons returned; personally served Nov. 9th by Nelson Blood, constable. Fees 40 cents.

November 13, the parties appeared in person and answered to their names when called. Plaintiff complains in writing against defendant. The defendant refuses to answer; plaintiff's complaint on file; cause held open on application of the plaintiff until three and a half o'clock P. M. Same day, Nov. 13th, $3\frac{1}{2}$ P. M., plaintiff appeared and was sworn in his own behalf. Loren Hedger was sworn for plaintiff. After hearing the testimony of witnesses, a judgment was rendered in favor of the plaintiff and against the defendant, Nov. 13th, 1861, for thirty-five dollars and sixty-nine cents. Damages $35.69. Costs $1.95. Total $37.64. Nov. 13th, 1861, transcript taken." And the said complaint was as follows:

"In justice's court—before J. W. Bosworth, justice. Benjamin Burt *ag't* John S. Royce. Complaint. The plaintiff for complaint in this action says, that heretofore, to wit, on the 26th day of July, 1861, at Bethany, the said plaintiff purchased of him, the said defendant, at his special instance and request, one Empire mowing machine, at and for the contract price of eighty-five dollars; that the said defendant, as an inducement to this plaintiff to purchase the said machine, then and there warranted to this plaintiff that the said machine would do first rate work, and

Royce *v.* Burt.

was as good a machine as any other manufactured for mowing grass; that he would warrant it to do good work; that he had sold several of them to different persons, and that they all did good work, and that it was a good machine for the purpose for which it was intended; that this plaintiff, relying upon these representations and warranty, then and there purchased the said machine at and for the said sum of eighty-five dollars; that this said plaintiff then and there for a part of the purchase price of said machine, made, executed and delivered to the said defendant his promissory note in the sum of thirty-five dollars, payable to John S. Royce or bearer, three months from the 26th day of July, 1861, with use; that the said defendant, before the said note became due and payable, for a valuable consideration, transferred the same to Champion Rogers, and that the plaintiff has actually paid the said sum of thirty-five dollars and interest due thereon on the 4th day of November, 1861. And the plaintiff further says that the representations, statements and warranty made by the said defendant to this plaintiff as aforesaid, were not true; that the said machine would not do first rate work, but in truth and in fact it would not cut or mow grass except it was very light; that said machine was not as good a machine as any other manufactured for mowing grass, but was greatly inferior to many other machines, in that it would not answer the purpose for which it was made, and for which the plaintiff purchased it; that the said machine would not do good work, but did all its work poorly; that it was not a good machine for the purpose for which it was intended, but was inferior in that it could not be used in cutting heavy grass. The plaintiff further says, that subsequently, and on or about the 7th day of August, 1861, at Batavia, he demanded of him, said defendant, that he, the said defendant, should return the said promissory note to him the said plaintiff, and take away the said machine, which the defendant then and there refused to do. By reason of the premises aforesaid, the plaintiff demands judgment for the said sum of

thirty-five dollars and sixty-nine cents, with interest thereon from the 4th day of November, 1861, with costs of this action. (Signed) BENJ. BURT."

The plaintiff insisted that the judgment in said action estopped the defendant from disputing his right to recover the value of the carriage in this action. Justice HOYT ruled, on the trial before him, that the judgment of the justice's court barred the plaintiff, on the ground that it was recovered upon an alleged *rescission* of the contract, and whether erroneous or not, was conclusive, while remaining in full force and effect.

The general term of the 8th district granted a new trial (on the grounds hereinafter stated in the opinion.) On the second trial the defendant, in addition to the facts above stated, showed by the justice the evidence and proofs given on the trial before him, and also allowed the justice to testify on what grounds he based his judgment in the action.

The general term of the 7th district ordered a new trial (for reasons sufficiently referred to in the opinion.) And on the third trial the plaintiff proved the same facts above set forth, and the defendant, under objection and exception, was allowed to prove the evidence given on the trial before the justice. That evidence substantially established the allegations of the complaint, and that the justice held that the plaintiff in that action had rightfully rescinded the contract and was entitled to recover back the amount he had paid to take up the $35 note; for which amount he recovered his judgment. Upon these facts the court again nonsuited the plaintiff.

*Ward, Abbott & Wilkinson,* for the appellant.

*M. H. Peck,* for the respondent.

*By the Court,* DAVIS, P. J. The unhappy manner in which the views of this court were expressed, in the opin-

Royce *v.* Burt.

ion delivered when this case was formerly before us, seems to have led the general term of the 7th district into a serious misapprehension of the questions determined. It was not "decided in effect that upon the face of the record of the suit in the justice's court that action was brought to recover in assumpsit for a breach of warranty." On the contrary, this court expressly stated that it was "obvious that the pleader who drew the complaint in the justice's court intended to state and supposed he had stated facts entitling the defendant to rescind the contract and recover back the consideration he had paid." The complaint was in writing. The defendant *appeared and answered to his name*, but when the complaint was filed refused to put in an answer. No one who reads the complaint can fail to see the palpable theory upon which it proceeds. It alleges the purchase of the mowing machine at the price of eighty-five dollars; the representations as to the quality and capacity of the machine which induced the purchase; that the plaintiff relied on such representations; that as part of the price he made his note for $35 payable to the plaintiff or bearer; that the defendant transferred the note, and the plaintiff had actually paid the same with interest to the 4th day of November, 1861. That the representations &c. were not true (negativeing them severally;) *that subsequently the plaintiff demanded of the defendant that he should return the promissory note and take away the machine*, which he refused to do; wherefore the plaintiff demands judgment *for the amount of the note and interest from said 4th day of November*, 1861.

I think we should, in this court, have little hesitation in holding, on general demurrer, that this complaint does not state facts sufficient to constitute a cause of action, because of the manifest intent of the pleader to rely upon his alleged rescission of the contract. And we should be quite likely to hold those allegations of the pleading which would be essential to an action of assumpsit for breach of warranty to have

been inserted here not for the purpose of setting forth that cause of action, but because they were also essential to the cause based on the alleged right of rescission of the contract which the pleader supposed himself to be stating.

I think, also, there is no cause of action in assumpsit for breach of warranty, stated in the complaint. There is a warranty alleged, and a breach, but no allegation of damages in consequence of it. Instead of alleging such damages, and asking judgment therefor, the plaintiff demands judgment for the amount of the note which he has been obliged to pay; which, connected with the preceding averments, is plainly a contradiction of the idea that he affirms the contract and simply seeks damages for its breach.

It was said, however, in the opinion given when the cause was before decided by this court, that the plaintiff did "state facts sufficient, *under the proper proofs*, to entitle him to recover in assumpsit for a breach of warranty." This was said with a view to the rules of pleading established by the code for justices' courts. Subdivision 5 of section 64, declares that "pleadings are not required to be in any particular form, but must be such as to enable a person of common understanding to know what is intended." And subdivision 10 of the same section provides that "a variance between the proof on the trial and the allegations in a pleading shall be disregarded as immaterial, unless the court shall be satisfied that the adverse party has been misled to his prejudice thereby;" and subdivision 11, that "the pleadings may be amended at any time before the trial or upon appeal when by such amendment substantial justice will be promoted." The idea intended, therefore, to be conveyed by the opinion was, that in this case, in which the defendant *appeared but refused to answer the complaint,* a judgment would be upheld if the plaintiff made the *proper proofs,* of the alleged purchase, the warranty and the breach thereof, and of *damages sustained in consequence,* equal to, or greater than the amount recovered. The court would disregard the omission

of the other allegations requisite to show a cause of action "in assumpsit for breach of warranty," not appearing "on the face of the complaint," because the variance would not have misled the defendant to his prejudice, and because the court would consider the complaint as amended, or, if necessary, amend it on the appeal.

The case before the justice was therefore one in which a judgment might have been rendered, upon *proper proofs,* that would have been valid and upheld on appeal; but it was also one in which a judgment might have been rendered *upon mistaken views of the law,* that would have been reversed on appeal, and yet be entirely valid so long as it stood in force. The effect of either judgment, while in force, as a bar would be equal, though operating quite differently upon the parties.

The question presented at the circuit, in this case, was an anomalous one; its chief embarrassment arising from the laxity of the rules of pleading and evidence in justices' courts.

Upon the face of the record was a judgment rendered upon a pleading which, in my judgment, was "such as to enable a person of common understanding to know what is intended," to wit, that the plaintiff *intended* to recover back the amount of his note on the ground that he had rescinded the contract and offered back the property he had received.

It is well settled at this day, that upon the facts alleged in the complaint, no such right existed. There must be fraud in the sale, or a special agreement for the return of the property, to entitle the party to return it, and demand back the consideration. (*Voorhees* v. *Earl,* 2 *Hill,* 288. *Cary* v. *Gruman,* 4 *id.* 625.)

My brother Hoyt held, on the trial before him, that it must be assumed that the justice rendered judgment upon proofs conforming to the allegations, and that he held such proofs sufficient to establish the right to rescind the contract. He followed the fundamental rule referred to by the learned

justice who delivered the opinion of the 7th district, "that the proof to warrant a recovery must be *secundum allegata;*" and therefore ruled that the justice's court must be regarded as having held that proofs of all the several allegations of the complaint entitled the plaintiff to the judgment demanded and recovered. If the law relative to proof *aliunde* in such cases be as laid down in the opinion last referred to, I am not able to see why my brother Hoyt was not right; in which event the nonsuit in this case was proper on the ground upon which Justice Hoyt placed his ruling, though not on the ground on which it was granted at the last trial.

The opinion of the learned judge of the 7th district seems to assume that it was necessary to give proof of fraud to enable the plaintiff to recover in the justice's court, upon the theory of a rescission of the contract, and "evidence of fraud [he says] would have been inadmissible under the complaint. Proof of fraud was not proof of the complaint. Proof of another cause of action did not sustain the complaint, and the plaintiff was not entitled to recover upon any such proof."

This position derives all its force from the assumption that the complaint "*on its face is in assumpsit on warranty,*" which assumption, I think, is antagonistical to the obvious intent of the pleader, and for the want of necessary averments, is not true. The mistake lies in supposing that the complaint, on its face, sets forth *any good cause of action* upon which a judgment for the amount recovered could be sustained, unless helped out by proper proofs. But the learned justice was in error in supposing it was necessary to make any proof of fraud to enable the plaintiff to recover before the justice upon the theory of a rescission. *It was only necessary that the justice should be so far mistaken in the law as to hold that the right of rescission existed upon the averred facts of the complaint.* A glance at the evidence would have shown that no proof of fraud was given, and in the case then before the court the justice had also been allowed to testify in substance that he based his judg-

ment on the ground that under the facts averred and proved, there had been a lawful rescission of the contract.

Perhaps some of the older authorities which so held the law were produced before him. His judgment upon such mistaken view of the law, if erroneous, while in force would be quite as effectual as a strictly legal one.

And this brings us to the real question presented by the case before us, which is: where the judgment of a justice's court is put in evidence as establishing a right to property not in litigation in that court, and the pleading upon which the judgment is founded, and the docket, are insufficient to show whether the plaintiff recovered the consideration he had paid as upon a rescission of a contract, or damages for a breach of warranty, upon which fact the effect of the judgment as a bar wholly depends, whether it may be shown what facts were proved before the justice, *aliunde* the record, in order to determine that question.

The New York doctrine on the admissibility of evidence *aliunde* is thus stated by the learned authors of *Cowen & Hill's Notes*, (at page 848:) "A verdict and judgment are conclusive upon any matter legitimately within the issue and necessarily and directly found by the jury, and when the record itself does not show that the matter was necessarily and directly found, evidence *aliunde*, consistent with such record may be received to prove the fact. If the matter was not within the issue, and could not rightly have been litigated in the former action, parol evidence will not be allowed to show that it was passed upon." (*Wood* v. *Jackson,* 8 *Wend.* 9, *reversing Jackson* v. *Wood,* 3 *Wend.* 27. *Lawrence* v. *Hunt,* 10 *id.* 80. *Gardner* v. *Buckbee,* 3 *Cowen,* 120. *Burt* v. *Sternburgh,* 4 *id.* 559.)

In the case before the justice, which we are now considering, the issue presented by the pleadings consisted of allegations upon which the plaintiff claimed he had rescinded a contract and was entitled to recover back the consideration he had paid upon it. The issue of fact presented was upon

the truth of those several allegations; the issue of law was, if true, is he entitled to judgment upon them? But in narrating the facts to sustain his theory of the case, the plaintiff has inserted allegations which if the justice should be against him upon the theory of his case, might still, with proof of certain additional facts, entitle him, under the liberal practice of justices' courts, to a judgment.

In law the allegations of his complaint are not sufficient to sustain his right to a judgment upon the theory of his case. But he has a judgment. Must we assume that he got it upon the justice's erroneous ruling of the law, or may it not be properly shewn that he got it by proving the facts of his complaint and such other facts as would legally require the justice to render the judgment upon another theory? In the latter case both theories and the facts on which they depend are within the issue presented to the justice, because the law warrants him in passing upon them and rendering judgment in the action.

Now upon such a dubious complaint, when the docket and pleadings are brought in, it is doubtful what was really tried and passed upon by the justice; and it is therefore competent to show that he tried and passed upon any facts or questions that might have been litigated under this equivocal pleading. This principle runs through all the cases, and I think is applicable here.

If the declaration is on the common counts, the nature of the demand really litigated may be shewn. If in trespass generally, the particular trespass tried may be proved. And all the cases so holding stand upon the ground that inasmuch as the pleadings do not indicate the precise question which must have been litigated, it may be proved *aliunde* that any question *which might have been*, was litigated. It may therefore be shown, that under an indefinite pleading in a justice's court, any question was litigated which the law would, under the circumstances of the case, allow to have been tried. Otherwise the grossest injustice might be done,

of which this case would be a fitting illustration. Here is a case where a party has come into court stating a series of facts from which he claims the law gives him a right to rescind a contract and recover back the consideration. It appears, in fact, that the justice so held, and gave him judgment for the consideration; but because his complaint contains some allegations tending to show a right to recover for a breach of the contract which involves an affirmance of it, and does not legally show a right to recover upon a rescission, we must adjudge, against the fact, that he did recover for such breach and thereby affirmed the contract, greatly to his prejudice in respect to other property.

The rule seems to me far more sensible that holds that since he might have recovered under his pleadings, with adequate proof either for a breach, or a rescission, he or any party interested shall be at liberty to show which in fact it was. Nor is it an answer to say that upon his alleged facts a judgment based on a rescission of the contract would have been erroneous. Justices', like other courts, have jurisdiction to commit error; and though perhaps where a party by his pleading asks him to do so, it will not be presumed that the court has committed an error if there be any theory upon which its decision may be right; yet this presumption of impossibility is not a shield to cover errors from detection and correction.

The case of *Doty* v. *Brown*, (4 *Comst.* 71,) is very much in point to sustain these views. In that case Doty brought replevin against Brown, for a quantity of hay and other property. Brown as a constable had previously attached this and other property under attachments against one Sisson, from whom the plaintiff derived his title. After the attachment, Doty converted some of the property to his own use. Brown sued him in a justice's court, alleging in his complaint that Doty had used and converted *all the property*. On the trial it appeared that he had used but part and had not meddled with the residue; and thereupon Brown stated

to the justice that he only claimed to recover for such part, Brown recovered judgment for $25; the justice adjudging that the sale under which Doty claimed was fraudulent and void as to creditors. Afterwards Brown levied executions in the attachment suits on the residue of the property, and Doty sued out replevin, and the question on the trial was, whether the judgment of the justice in the suit before him was a bar to the action. "The justice was called as a witness and gave parol evidence of the ground on which he had rendered the judgment." The court held that "parol proof was properly admitted to show what was actually in controversy between the parties before the justice, and the grounds on which his judgment was rendered;" and that the justice's judgment was a bar to the plaintiff's action.

That case goes far enough to sustain the ruling of Justice Grover at the second trial, in admitting the justice to state the grounds on which he rendered the judgment found in this case; but although the circuit court, on the trial now under review, excluded that, still it appeared distinctly from the evidence given, that the justice rendered judgment upon a rescission of the contract for the consideration paid because no proof was given that entitled the plaintiff to the judgments recovered, as damages for the breach of the contract.

I think there was no error in admiting proof of the evidence offered on the trial before the justice; and it distinctly appearing that the justice decided the contract to have been lawfully rescinded, and that Burt was entitled to recover back so much of the consideration as had in fact been delivered, that judgment, while in force, whether erroneous or not, was a bar to the recovery by the plaintiff of any part of the purchase price of the machine yet remaining in Burt's hands.

But if it were error to admit the parol proof of what was passed upon by the justice, then I think the presumption is that the judgment was rendered upon the theory of the complaint and on proof of the facts therein, and must be

Royce *v.* Burt.

regarded as an adjudication by the justice, that upon such facts the contract was rightfully rescinded, and that Burt was entitled to the consideration he had paid; and in that view the subsequent evidence becomes immaterial, and the plaintiff was properly nonsuited.

I have not overlooked the point made by the respondent's counsel that the proofs were sufficient to warrant the justice in finding that the purchase was a conditional one, and Burt on that ground had a right to return the machine and demand the consideration; but the views I have taken on the points render it unnecessary to discuss that question.

In my opinion the judgment should be affirmed.

All the Justices concurring,

Judgment affirmed.

[ERIE GENERAL TERM, May 2, 1864. *Davis, Grover, Daniels* and *Marvin,* Justices.]