By the Court, Daniels, J.
The plaintiff and defendant in this action were partners in business, prior to the 17th of March, 1864. On that day the plaintiff purchased the defendant’s interest in the business, and as part of the consideration for the purchase, he assumed to pay the outstanding debts owed by the firm. The defendant had the management of the partnership business, and its books were kept under his supervision. *536 The plaintiff offered to prove, upon the trial, that the defendant represented to him, before he purchased the defendant’s interest in the property of the firm, that all the debts owing by the firm appeared upon the books kept in the business, and that all the debts mentioned as owing to the firm were good, while in truth and in fact, debts owing by the firm to the amount of $2,702.97, were not upon the firm books at all; and that a large amount of debts owing to the firm were uncollectable and worthless. A further offer, of the same general nature, was made by the plaintiff concerning bark which he claimed the defendant represented was, at the' time of its dissolution, owned by the firm. He also offered to prove that he had paid the debts owing by the firm, which did not appear upon its books.
No distinct offer was made to show that the defendant, when he made those representations, knew that they were untrue. But that might have been very properly inferred, by the jury, from the circumstance that the business had been managed by the defendant during the time it had been carried on by the firm. And adding such an inference to the facts which the plaintiff offered to prove, would constitute all the legal elements of a fraud. This was, in effect, the theory of the plaintiff’s case, although not clearly alleged in the complaint, nor specifically claimed when the evidence was offered. And as the inference referred to was all that could be required, beyond the evidence offered to make out a case of fraud, and that might very well have been drawn by the jury from the other circumstances of the case, the propriety of the ruling, at the trial, must be considered, with that conclusión established against the defendant. For when the propriety of a nonsuit is in controversy, the plaintiff is entitled to the benefit of all the conclusions the jury would have been warranted in drawing from the facts proven in the case.
The nonsuit was not ordered because the evidence *537 offered by the plaintiff was defective in any material respect, but because the right of action had been extinguished by a submission to arbitration, previously entered into by the parties, and the award made by the arbitrator under the same. And for that reason, as well as the reason already mentioned, all just inferences supported by the evidence offered should be drawn in favor of,the plaintiff. His evidence was rejected and the nonsuit awarded, because in the judgment of the court his right of action was barred by the submission and the award.
The submission was entered into on the day when the purchase of the defendant’s interest in the partnership property was made by the plaintiff from the defendant, for the purpose of settling certain disputed claims made by one of the parties against the other. And although the right of action presented in this cause was not then known to the plaintiff, and not even supposed to exist, the submission for the known disputes of the parties was drawn in terms so broad as to be capable of comprehending the demand relied upon for the support of the present action. And when the hearing was had, the circumstances on which the present right of action rests having in the meantime become known to the plaintiff, he offered proof of them before the arbitrator, for the purpose of establishing the claim now made, and submitting it to him for his consideration and allowance. But, according to the proof offered upon the trial of this cause, he was not permitted to give that evidence before the arbitrator, because of the objection made by the defendant that the claim was not within the submission, and the ruling of the arbitrator by which that objection was sustained.
Under the.general terms used in the submission, this was undoubtedly an error on the part of the arbitrator. But as the submission contained no stipulation for making the award the foundation of the judgment of a court *538 of record, there was no way in which the error could be corrected, under the statute. For it is only where such a stipulation has been inserted in the submission that a motion can be made for the correction of the errors of the arbitrator. (3 R. S. 855, § 1; 857, § 12, 5th ed.) So that the plaintiff is left without a remedy for what now appears to be a good right of action, if the nonsuit ordered at the trial was correct.
.The award, upon its face, does not, in terms, appear to include any adjudication upon the present demand. And although the submission was broad enough to render it the proper subject of trial before the arbitrator, evidence showing that it was not heard, but on the contrary was excluded, was not in conflict with the terms of the award. It might, or might not, be included within the award made, according to the terms made use of ; and for that reason evidence was admissible for the purpose of showing what was the fact. That is even allowed as to judgments, where the pleadings and the adjudications are so general in their terms as to leave it uncertain what matters may have been disposed of by the trial. (Royce v. Burt, 42 Barb. 655. Doty v. Brown, 4 Comst. 71.) And in principle- it is equally as applicable to the award made by arbitrators.
Accordingly, evidence that he had been prevented from presenting and proving the demand in suit, before the arbitrator, by the defendant’s objection, and the decision thereon, was not necessarily in conflict with anything stated in the award. There was, it is true, some reason for presuming that the plaintiff had presented and litigated all his demands, including the one now made, but it was not so decided as to preclude him from proving the truth in that respect. And if that proof had been made, it would then have appeared not only that he did not, but beyond that could not, have had the benefit of this demand in that hearing. As the case *539 stood upon the papers, the demand might or might not have been disposed of on that hearing. And where that uncertainty is found to exist, oral evidence is admissible for the purpose of showing what the truth may be.
The evidence which was offered for the purpose of showing that the plaintiff endeavored to bring this cause of action before the arbitrator, but was prevented from doing so by the defendant’s objection and the decision supporting it, ought to have been received by the court. For that would not only have shown that the cause of action presented by this case was not included in the award, but that it could not be, on account of the misconduct of the defendant himself. To permit the defendant now to shield himself under the erroneous decision of the arbitrator, when it was produced by himself, might be grossly unjust to a party having a meritorious right of action. And besides that, it would sustain the defendant in taking advantage of his own wrong; and that the law does not, in any case, undertake to tolerate.
On the other hand, he should now be concluded by the decision which he then procured to be made in his favor. He invited the erroneous adjudication of the arbitrator, and he should be made to abide by its logical consequences. It was the decision of the tribunal which the parties had voluntarily selected, that it had no power to take cognizance of the present right of action; and that while that decision remains undisturbed, the defendant should be concluded by it from affirming that the present demand either was, or could have been, then made the subject of examination and decision. The only decision made concerning this matter, by the arbitrator, was, that he could not hear it, and that, certainly, can constitute no defence to the present action. It is, on the other hand, a very good reason, under the circumstances, why the plaintiff should now be allowed the opportunity of maintaining the liability he was then *540 denied the privilege of proving. (French v. New, 20 Barb. 481, 490. Fleming v. Gilbert, 3 John. 528.)
[Third Department, General Term, at Albany,
March 3, 1873.
Miller, Danforth and Daniels, Justices.]
As the evidence proposed to be given would have relieved the plaintiff from the ostensible effect of the submission and award, it ought to have been received by the court. And if that had been done, no obstacle would have stood in his way preventing him from giving such further evidence as would have been pertinent to prove his right of action. For that reason the non-suit should be set aside, and a new trial ordered, with costs to abide the event.