Plank v. The N. Y. Central and Hudson River R. R. Co.

PLANK, administrator, etc., appellant, v. THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY.

*Negligence — master's liability to servant injured in his employ.*

Plaintiff's intestate had been employed by defendant as a brakeman for two months upon through trains running from Albany to Syracuse. In the discharge of his duty he was, in the night, coupling some cars to a train slowly moving backward upon a switch at a way station. While walking along between the cars he fell into a partly uncovered ditch running across the track, and was run over and killed. In an action against defendant for damages for his death, *held,* that it was for the jury to determine whether there was not such negligence on the part of defendant in leaving the ditch in question partly uncovered as to render it liable for the death of the intestate.

While a servant agrees to take the risk of the carelessness of his fellow servants, under certain circumstances, the master agrees to take due precaution to adopt and use such machinery, apparatus, etc., and to provide such structures as are suitable for the performance of the business in which the servant is engaged.

THIS action is brought to recover damages of defendant under the statute in relation to compensation for causing death by wrongful act, neglect or default.

The complaint alleges among other things, that the deceased was the hired servant, as brakeman, of defendants on the 21st day of December, 1869, and as such was engaged in the proper discharge of his duties in coupling the cars of defendant at a point of defendant's road near Palatine Bridge, that while the cars were in motion, backing, and while thus doing he accidentally slipped into an uncovered drain culvert crossing said road and fell, when the wheels of the moving cars ran over his leg, crushing the same, by means whereof he died the same day, and that his death was caused by the neglect of defendant in not covering said culvert, and in not having the same covered at the time and place aforesaid.

The answer admits the incorporation of defendant and their ownership of the road as alleged in the complaint, but denies the other allegations therof. The answer also alleges that the death of the deceased was caused wholly by his own negligence, and by no fault of defendant.

The issue came on to be tried at a circuit held in Madison county, in February, 1872.

Evidence was introduced upon the part of plaintiff showing or

tending to show, that the deceased was and had been, for two months before the accident, a brakeman in the employment of defendant upon a through freight train running from West Albany to Syracuse; that, besides the conductor, the train was managed by the deceased and two other brakemen; that this train was moving out on the north track of defendant's road on the night of the 21st December, 1869, and reached Palatine Bridge about one o'clock A. M.; that the train was stopped at this point and backed some distance upon a switch track lying north of the track on which the train had been moving west to allow a mail train of defendant's to pass; that there were cars standing on the switch — some loaded ones near the freight-house and some empty ones still farther east; that, as the train was backing, the deceased was directed by the conductor to couple the end car in the train to the loaded cars; that deceased got upon the ground, went back to the loaded car and made the coupling; that the cars were moving back when he did so; that after coupling he continued to walk toward the empty cars; after coupling the cars it was his duty to go back and see it was all right; this he was doing; he had made one connection and was going to make another; the cars continued to move back while he coupled the cars and when the accident occurred; there was a culvert or sluice-way across the tracks some two feet deep by two feet wide, or larger; this sluice-way was east of the freight-house. The east end of train, if not the whole of it, passed over the sluice in backing upon the switch. The sluice was not covered, except partially by a stone between the tracks, and only partially between the rails of the switch; the sluice was partially, at least, filled with snow. Evidence of the death and the appointment of plaintiff as administrator was given, and the plaintiff rested.

Defendant moved for a nonsuit upon the grounds that plaintiff had shown no negligence on the part of defendant, causing or contributing to the death of deceased, and that deceased was in defendant's employment as brakeman.

The plaintiff asked to go to the jury upon defendant's negligence; upon plaintiff's negligence and upon the whole evidence.

These requests were refused and plaintiff nonsuited.

*Loring Fowler*, for appellant, cited on the question of liability of master to servant, and negligence, *Brickner* v. *N. Y. C. R. R. Co.*,

2 Lans. 507; *Warner* v. *Erie Railway Co.*, 39 N. Y. 468; *Livingston* v. *Adams*, 8 Cow. 175; *Cotterill* v. *Starkey*, 8 Carr. & Payne, 691; *Russell* v. *H. R. R. Co.*, 17 N. Y. 134; *Ryan* v. *Fowler*, 24 id. 410; *Coon* v. *S. & U. R. R. Co.*, 5 id. 492; *Karl* v. *Maillard*, 3 Bosw. 591; *Noyes* v. *Smith*, 28 Vt. 59; *Paterson* v. *Wallace*, 28 Eng. L. & Eq. 48, 51; *Marshall* v. *Stewart*, 33 id. 1; *Snow* v. *Houst. R. R. Co.*, 8 Allen, 441; *Wright* v. *N. Y. C. R. R. Co.*, 25 N. Y. 562; *Connolly* v. *Poillon*, 41 Barb. 366; *Carman* v. *Mayor of New York*, 14 Abb. 301; *Couch* v. *Steel*, 24 Eng. L. & Eq. 77; *Smith* v. *Lowell*, 6 Allen, 40; *Reid* v. *Northfield*, 13 Perkins, 98; *Jetter* v. *N. Y. & H. R. R.*, 2 Keyes, 154. On the question of submission of case to the jury, *Purvis* v. *Coleman*, 1 Bosw. 321; Shearm. & Redf. on Neg. 9; *P. & R. R. R. Co.* v. *Spearin*, 17 Penn. St. 300; *Curtiss* v. *R. & S. R. R. Co.*, 20 Barb. 282; *Sheffield* v. *R. & S. R. R. Co.*, 21 id. 339; *Vanderpool* v. *Hurson*, 28 id. 196; *Wolfkiel* v. *Sixth Ave. R. R. Co.*, 38 N. Y. 49; *Ernst* v. *H. R. R. R. Co.*, 35 id. 19.

*C. S. Fairchild* and *Pratt, Mitchell & Brown*, for respondent, cited on the question of master's liability, *Warner* v. *Erie Railway Co.*, 39 N. Y. 468; *Wright* v. *N. Y. C. R. R. Co.*, 25 id. 562; *Russell* v. *H. R. R. R. Co.*, 17 id. 134.

J. POTTER, J. The plaintiff having been nonsuited, he is entitled, upon this appeal, to the benefit of any conclusion which the jury could have properly drawn from the evidence. *Morss* v. *Osborn*, 64 Barb. 543.

If the inference of defendant's negligence can be drawn from the evidence, it must be assumed by the court in the consideration of this case. The first question then is, would the jury have been warranted in finding negligence from the facts?

If so, does the fact of the employment of the deceased as brakeman by defendant, and his being in the performance of that duty when the accident occurred, prevent a recovery of damages occasioned by such negligence.

If negligence existed in this case, it consisted in constructing or maintaining this culvert or sluice without a sufficient covering to prevent persons from stepping into it.

We are to assume it was two feet wide by two feet and a half deep, and but partially covered.

Trains had to be backed upon this switch and over this sluice to

allow the other trains of defendant to pass, and brakemen were required to pass over it in the night, and at any time when a passenger or express train was expected to pass, and go between and couple cars standing on the tracks across this sluice.

If a person should step his foot into it he would hardly avoid falling prostrate, and if he stepped both feet into it either inside the switch tracks or between the two tracks, it would be difficult and would require time to get out.

The through freight trains only go upon this switch to allow express trains to pass them, and of course would only go upon it when such freight trains happen to reach this point a short time in advance of the express trains. It may well happen, therefore, that a particular through freight train would have no, or but rare, occasion to go upon this switch, and the brakemen on that train would have no knowledge of or experience upon the switch.

In this case the evidence shows that the deceased had been employed but about two months upon defendant's road, and altogether fails to show that he was ever upon this switch, or had any knowledge of its condition or even of its existence.

The evidence moreover tends to show, and the jury may have found (and the court is to assume would have found), that it was necessary for the brakemen to go between the ends of the cars standing upon the switch in order to couple them; that the deceased had coupled two, and was in the act of coupling two others when he fell or stepped into the culvert, and was dragged back from the switch by the moving car with his left leg upon one, and his body upon the other, side of the rail, and that there was an open space of twenty inches between a narrow board across the culvert and the rails of the switch; that this narrow board was midway between the rails of the switch, and so immediately under the couplings, and of course could afford no standing place for the brakeman in making the coupling, and that the only standing place for the brakeman in performing the work of coupling was upon the rails of the switch.

It does not appear from the evidence that the culvert was covered when it was constructed, or at any time after, and the jury may have found that it was a case of defective construction by the company.

Would the exercise of ordinary prudence and care suggest and require that this sluice or culvert should be covered, to avoid the

danger and consequences of stepping into it and falling? I cannot doubt that that was a question for the jury and not for the court to determine. 2 Redf. on Railways, 231, and cases there cited. I apprehend from the case that the nonsuit was not granted upon the ground that these facts did not tend to show negligence of the defendant (and should have been passed upon by the jury).

I think that the nonsuit was granted upon the other ground stated, viz., that the deceased was in the employment of the defendant as brakeman and took the risks incident to that position.

It was regarded as but another form of stating the proposition now well settled, that the master is not responsible to those in his employ for injuries resulting from the negligence, carelessness or misconduct of a fellow servant engaged in the same general business. *Wright* v. *N. Y. C. R. R. Co.*, 25 N. Y. 562.

But while such a rule obtains, the master is liable to his servant for negligence in the employment of unfit or incompetent servants, or in furnishing for the use of the servant machinery, implements or facilities improper or unsafe, or for defects in the building in which the services are rendered, which the master knew or ought to have known. *Ryan* v. *Fowler*, 24 N. Y. 410; *Laning* v. *N. Y. C. R. R. Co.*, 49 id. 521; *Brickner* v. *The Same*, 2 Lans. 506.

From the evidence in this case the jury could (and it is to be assumed would) have found that this culvert was never sufficiently covered, or had been allowed to become uncovered, so that the brakemen in coupling cars were liable to step into, fall and receive injuries.

While the servant agrees to take the risks of the carelessness of his fellow servants under certain circumstances, the master agrees to take due precaution to adopt and use such machinery, apparatus, appliances and means, and to provide such structures as are suitable and proper for the performance of the business in which his servants are engaged. *Brickner* v. *N. Y. C. R. R. Co.*, *supra*; *Snow* v. *Housatonic R. R. Co.*, 8 Allen, 444.

The question in this case is not whether the deceased sustained his injury from the carelessness of a fellow servant engaged in the same general employment, but whether there was negligence of the defendant in erecting or suffering an unsafe or dangerous structure or culvert upon which it was the duty of the deceased to go in coupling cars in motion.

It was the plain duty of the defendant to provide a safe road-bed

as much as to provide safe cars. or a safe engine for their employees or engineers.

I conclude, therefore, there was evidence of defendant's negligence, which should have been submitted to the jury, and if the jury had found defendant guilty of negligence in regard to the structure and condition of the culvert, the defendant would have been liable for the same, notwithstanding the deceased was in the employment of defendant as brakeman at the time of the accident.

There is no occasion to consider whether the deceased was guilty of negligence contributory to the injury.

That was not stated as a ground of nonsuit; and the only evidence in the case that could tend to show that plaintiff's intestate was aware of the defective culvert, was to be derived from the fact of his employment, and *that* would have been a question of fact for the jury. *Laning* v. *N. Y. C. R. R. Co.*, *supra*. Plaintiff's counsel asked to go to the jury upon that question and was refused.

The nonsuit should be set aside and a new trial granted, costs to abide the event.

PARKER and BOARDMAN, JJ., concurred.

*Nonsuit set aside and new trial granted.*