PATRICK H. AGAN, RESPONDENT, v. GEORGE W. HEY AND
EMIL LAAS, APPELLANTS.

*Evidence — plea of a former judgment — how the grounds of the former decision may
be proved — the justice cannot testify as to the reasons for his decision.*

This action was brought to recover the rent which had fallen due, under a lease
of certain rooms, for the period of one year from May 1, 1879. The defendants
set up as one of their defenses, that an action to recover rent upon the same
lease had been brought against them by the plaintiff in a Justice's Court, in
March, 1880, and that a judgment had been entered therein. in their favor.
The plaintiff claimed that the said judgment was not a bar to this action,
because it was rendered upon the ground that the rent did not fall due until
the end of the year, and that none was at the time of such judgment due.
Upon the trial of this action the pleadings used and the evidence taken in the
former action were read, together with the record contained in the justice's
docket. The justice, who was called as a witness, was asked and allowed
to state that he decided the former case in the defendants' favor upon the
ground that the rent was not due at the time of the commencement of the action.
*Held*, that the court erred in allowing him so to do.

APPEAL from a judgment of the Onondaga County Court, in
favor of the plaintiff, for the sum of $200 damages, and fifty-three
dollars costs.

The action was originally commenced in a Justice's Court, and
was retried in the County Court before a jury.

*Hancock & Munro*, for the appellants.

*Frank Hiscock*, for the respondent.

BARKER, J. :

This action is for rent, founded upon a parol lease for certain
rooms, in a block of buildings situated in the city of Syracuse.
The property was owned by one Dr. Wieting, who rented the same
rooms to the plaintiff in this action. Agan had sublet the same to
one Teal, who was in possession of the same at the time the agree-
ment was made upon which the action is founded.

It is claimed by the plaintiff that Teal sublet these rooms to the
defendants for the period of one year, commencing on the 1st day
of May, 1879, at and for the annual rent of $275, to be paid to
Teal, he reserving the privilege of occupying a desk, for his own
use, in the same offices.

The defendants admit that they did enter into an oral agreement with Teal for the use and occupancy of the rooms, and went into possession under him on the first day of May, but claim that they were at liberty to vacate at any time they elected so to do within the year, and were to pay rent at and after the rate of $275 per year. They did, in fact, vacate the rooms the first day of September, and had paid sixty-eight dollars and seventy-five cents on the lease, which was equal to one quarter's rent.

The plaintiff gave evidence tending to show, that by an arrangement made between himself and Teal, and assented to by the defendants, the rent as it became due should be paid to him, and to this the defendants assented, so as to give the right of action to the plaintiff if they were guilty of any breach of their contract.

The pleadings were very general, the plaintiff declaring for rent and for use and occupation of rooms in the Wieting block, amount $200. The defendant's answer was a general denial, pleading payment and former suit in bar, and misjoinder of defendant Duell.

Upon the trial in the County Court the plaintiff's evidence tended to prove the contract as alleged by the plaintiff, that the time was for one year, at the annual rent of $275, which entitled him, if the same had not been disputed, to a verdict in the sum of $200, as rendered by the jury.

The defendants' evidence contradicted the plaintiff's proofs as to the terms of the lease, and tended to maintain their position, that they had the privilege of terminating the lease at any time, and that plaintiff's verdict should have been limited to the sum of thirty dollars with interest.

In support of defendants' answer of former suit in bar, they proved that in March, 1880, which was before the expiration of the year, this plaintiff commenced an action against them and one Holland Duell for rent then due, before one HANCOCK, a justice of the peace, and final judgment was entered therein in their favor in March, 1880.

All the questions presented for review on this appeal arise as to the force and effect of this judgment as a bar to a recovery in this case, and to the rulings of the court upon questions connected with this issue. The pleadings in the first suit were very general, the complaint being for use and occupation of rooms in Wieting's block, and for rent due on lease $200.

The answer contained a general denial, a plea of payment, and a misjoiner as to the defendant Duell. In connection with the reading of the record contained in the justice's docket, all the evidence which was given on the former trial was read in evidence upon this trial. On that trial the plaintiff sought to recover two quarters' rent which he claimed was then due, which was $137.50.

It is admitted that this action is upon the same contract, and for the same cause of action for which the former suit was prosecuted, and no claim is made by the plaintiff but that, that suit is a bar to a recovery in this, so far as the two quarters' rent are concerned, if at that time such rent was due.

At the time of making the contract nothing was said as to the time when the rent should be made payable, and disregarding what afterwards occurred between the parties to this action, the rent would be payable at the end of the year and not before, if as the plaintiff claims the lease was for one year.

The plaintiff did demand rent of the defendants at the end of the first quarter and at the expiration of the subsequent quarters, and gave some proof tending to show that in leases of this character, where the same were silent on the subject, it was the custom of the place to pay quarterly. Upon all the proofs relating to this question, I think a question was presented for the justice to determine as a mixed question of fact and law, whether the rent was payable quarterly or at the end of the year.

The defendants' general denial put the plaintiff to his proofs as to the time when the rent became due and payable, and from the nature and character of the same as they are now presented to us, they were indecisive in their character, and the intention of the parties was to be ascertained as a question of fact. If the rent was not due, then the determination of that issue in the defendants' favor, is no bar to a recovery for the same cause of action in this.

If by the terms of the contract any portion of the rent was due at the time of the commencement of this action, then the suit stands as a bar to a recovery, and if the plaintiff wished to prevent the judgment having that effect, he should have caused the justice's judgment to be reviewed in the proper tribunal and the error corrected. (*Wilcox* v. *Lee*, 26 How. Pr. R., 418; *Colburn* v *Woodworth*, 31 Barb., 381.)

The question whether the former adjudication was a bar to a recovery in this action, was on the trial made a question of fact by the rulings of the court, and was submitted to the jury for their determination. The learned judge charged the jury, among other things: " That if the jury find that Justice HANCOCK decided the case for the defendants on the merits, then it is a bar and the plaintiff cannot recover, but if they find that Justice HANCOCK decided that case for the defendants, on the ground that the rent was not due, then the judgment is not a bar." The defendants excepted to this proposition.

During the trial the plaintiff was permitted to prove by the justice, as a witness on the stand, that he decided the case in the defendants' favor, upon the ground that the rent was not due at the time of the commencement of the action. To this proof the defendants in due time excepted.

In making up his record, the justice made an entry therein, that the case was decided in the defendants' favor, for the reason that the rent was not due, but this proof was excluded by the court on plaintiff's offer to read the same as a part of the record. The pleadings were so general, and the record as given in evidence is such that it is impossible · to determine by them alone, the real matters tried and determined in that action. With a view of ascertaining the issues and how they were determined, it was competent to prove by parol what was actually in controversy between the parties before the justice, and the grounds upon which the judgment was rendered. (*Doty* v. *Brown*, 4 N. Y., 75.)

But such evidence should be limited to proving what occurred upon the trial, the proofs which were given, the arguments and contentions of the respective parties, as to the facts and law of the case. I am of the opinion that it was error to receive the statement of the justice himself as a witness, as to the ground upon which he placed his decision in the defendants' favor. He was a competent witness to prove all that occurred before him, for they nowise contradicted the record which he caused to be made and entered in his docket.

The question whether a former suit is a bar to a pending one, is to be determined as a legal question from the record of the former suit and the proceedings had upon the trial. Whether the rent

was due or not was a question of fact, and it was not competent to prove by the justice how he determined that question. The mental conclusions reached by the magistrate on the law or facts of a case tried before him and not expressed in the record, cannot properly be given in evidence. If his conclusions were the same as those he had inserted in the record, then there is no necessity of proving the same. If they are in contradiction to the same, then they should be excluded when offered to be proved, for the reason that they contradict the record.

It was intimated, but not necessarily decided, in *The Packet Company* v. *Sickles* (5 Wall., 593) that such proof was incompetent, and in remarking upon the case before it the court said : " Some of the jurors on the former trial were permitted to testify as to the particular ground upon which they found the verdict. This testimony was not objected to, and therefore is not available as error here. But it is proper to say that the secret deliberations of the jury, or grounds of their proceedings while engaged in making up their verdict, are not competent or admissible evidence of the issues or finding."

I have been unable to find any decision holding such proofs to be competent. We are cited to the case of *Royce* v. *Burt* (42 Barb. 666), as an authority sustaining the position that such proofs are competent, but on a careful examination of that case it will be observed that the question was not before the court for its adjudication, for upon the trial then under review evidence of this character was excluded, and the court remarked that the case of *Doty* v. *Brown* (4 Comst., 71) was an authority justifying the receipt of such evidence. Upon examining the case of *Doty* v. *Brown*, it will be observed that it does not appear that any evidence was given, similar in any respect to that which was received in this case, as to the grounds upon which the justice placed his decision.

As there must be a new trial in this case for the reason assigned, it is unnecessary to consider the other questions presented on the argument.

New trial granted, costs to abide the event.

Present — SMITH, P. J., BARKER and HARDIN, JJ.

Judgment and order reversed, and new trial ordered in the Onondaga County Court, costs to abide event.