Bockes, J.
—The facts necessary here to be noticed are as follows : The action, being at issue, was duly noticed for trial by the defendant for the Albany October circuit, 1884. The plaintiff failed to appear, and when the case was called for trial, judgment was directed for the dismissal of the complaint, with costs. The costs were thereafter duly taxed or adjusted, and judgment therefor was duly entered. Execution was issued and returned unsatisfied ; whereupon proceedings supplementary to execution were instituted.
A motion was then made by the plaintiff, at special term, to open the default and to be let in to try his case. This motion was for favor—not because of any irregularity in the taking of the default Or subsequent proceedings by the defendant. The motion was granted on terms, The order, after noting the papers read and the hearing of counsel, was as follows: “Ordered, that said default be opened, and the judgment be set aside, on condition that plaintiff pay the defendant the sum of $65 within twenty days after the service of this order ; if such payment be not made, this motion is denied, with $10 costs.” The $65 were paid and receipted for by the defendant’s attorneys.
Again, the case was noticed for trial by the defendant at the circuit, and when reached on the calendar, and called, the plaintiff not appearing, judgment was again directed for the dismissal of the complaint, with costs ; and as the defendant was sued for an act done *94 by him as a public officer by virtue thereof, it was determined by the court that the plaintiff was entitled to the increased costs provided for by section 3258 of the Code of Civil procedure. The costs were thereupon noticed for taxation, and were adjusted finally on re-taxation by the clerk at $229.89, Nov. 27, 1885.
On the re-taxation the plaintiff objected to several of the items contained in the bill, and among them to the item of $15, for costs after notice of trial and before first trial; and to the item of $30, trial fee of issue of fact, first trial. The ground of objection was that these items were included in the $65 already paid under the order opening the plaintiff’s default and setting aside the judgment directed at suchy2rs¿ trial; and to substantiate the objection to these items the plaintiff’s counsel offered before the clerk his own affidavit, and that of the plaintiff’s attorney, wherein they stated in substance that they were present at the special term when the justice holding it made the order opening the plaintiff’s default above referred to, and that the justice (as then stated by him when making up the costs to be paid as a condition, to be inserted in the order), included in the $65, among others, said items of $15 and $30 ; and the receipt evidencing the payment of the $65 was produced.
The defendant, not disputing the due payment of the $65, objected to the affidavits as incompetent and irrelevant; that the special term order was conclusive of the matters embraced therein. The clerk sustained the objections, and, against the plaintiff’s objection, taxed and allowed those items with others also objected to on the same grounds.
On the above tolerably full statement of facts, the proper disposition of the present motion is made to depend.
On turning to the notice of motion it will be observed that it is made in a twofold aspect, to wit • *95 for an adjustment of the costs, and for a modification of the special order, above referred to, opening the plaintiff’s default, by stating therein what items of costs went to make up the $65 therein mentioned ; and also there was notice of a claim for general relief.
It is now objected, or rather insisted, by the defendant’s counsel, that the motion for a modification of the special term order should be first heard and disposed of, before entering upon the other branch of the motion.
It is not unusual to move to open or reconsider a matter passed upon under previous motion and order at special term, and at the same time to ask for the relief the party claims to be entitled to; and it . depends very much upon the discretion of the special term whether both branches of the motion shall or shall not be heard together. On this point, see Riggs v. Pursell, 74 N. Y. 370, 379; Smith v. Spalding, 3 Robt. 615. Usually they are heard together and disposed of under one order. In the present case, I am of the opinion that there is nothing in the facts disclosed requiring any modification or disturbance of the special term order in any respect, in order to reach the merits of the matters in controversy between the parties. That branch of the motion is therefore denied ; and the motion will be considered as a motion for re-taxation in the nature of an appeal from the final adjustment of the costs by the taxing officer; and there seems to be no good reason why such motion should not be now heard on the papers presented.
That the proper mode to obtain the desired relief has been here pursued ; that is, by motion in the nature of an appeal from the taxation by the taxing officer, is not controverted (Beattie v. Qua, 15 Barb. 132, and many other cases; Code Civ. Pro. § 3265); and the motion should not be deemed barred because of laches. The re-taxation sought to be overruled was *96 had November 27, and the motion is made December 22—within less than a month thereafter; and no injury to the rights of the defendant has been occasioned by the- brief delay., even admitting that the motion could have been made a few days earlier.
The material and controlling question here presented is, whether the taxing officer was right in holding that the plaintiff was concluded by the special term order from showing by proof as a fact, that the items in the bill of costs objected to by him, were included in the $65 in the order mentioned; and that such items had been actually paid by the payment of said $65—that is, whether he was precluded from protecting himself from a double payment of those items, because of the conclusiveness of that order. Then, to what extent was that order conclusive ? Of course it was conclusive of what was therein stated and adjudicated. To that extent it was conclusive—nob having been appealed from and reversed —against all proof offered with a view to its change or modification in any respect. Like a judgment of the court, it imported absolute verity as regards all matters within its jurisdiction and thereby adjudicated. So, it could not be contradicted by oral or other proof. But certainly it was no more conclusive than would be a judgment (Riggs v. Pursell, 74 N. Y. 370, 379.) Now, a judgment is not conclusive of matters not specifically or by necessary implication adjudicated by it; but in such case the fact—the truth in that regard—may be shown by proof aliunde the record. Such proof does not contradict the record, hence is admissible—admissible, because consistent with the record. It has been repeatedly decided that, when a matter may or may not have been adjudicated, the record being silent in that regard, evidence is then admissible for the purpose of showing what was the fact (Wood v. Jackson, 8 Wend. 9; Doty v. Brown, *97 4 N. Y. 71; McKnight v. Devlin, 52 N. Y. 399, on page 403; White v. Madison, 26 N. Y. 117 ; Morss v. Osborn, 64 Barb. 543, 546 ; Royce v. Burt, 42 Barb. 655, 665; Marcellus v. Countryman, 65 Barb. 201). There are many other cases to the same effect. Thus, if a recovery be had for goods, wares and merchandise sold and delivered, the record not showing of what the property consisted, and a second action should be brought for the same articles of property, evidence aliunde would be admissible, in connection with the record, to prove that fact—and so of every similar case. And, further, in some cases evidence aliunde the record will be admissible when the record does show for what the recovery was had ; as, if a recovery be had upon a promissory note set out in full in the record, and another action should be thereafter brought upon a precisely similar note in date, amount and form in all respects ; evidence would then be admissible to prove that there were two notes given exactly alike, and that the note for which the recovery was had in the first suit was another and different note from that counted on in the second action. Such evidence would not contradict the record, but would be entirely consistent with it, and would be admissible when necessary to meet and answer the ends of justice and right.
Now, in the case in hand, the special term order does not disclose what the $65 was for. It is silent in that regard ; therefore, under the authority of the decisions above cited, that subject was open to proof. The taxing officer, consequently, should not have held the order conclusive as against the proof offered before him ; but should have received the proof and adjusted the costs according to the fact (Schmidt v. Mackie, 9 Weekly Dig. 288). The taxation must therefore be set aside and a new taxation had before him, when the parties plaintiff and defendant will have an oppor *98 tunity to put in their proof and to be heard on the question, whether the $65, which it is conceded has been paid, embraced any of the items charged in the bill. If so, they should be disallowed, as in all conscience one full payment of a claim, or demand should be held satisfactory.
A new taxation before the taxing officer would not be necessary, in case the proof on the controverted subject had been allowed to be put in ; as in that case the evidence pro and con would have been before the court on this motion, and the matter in dispute could then be here determined (Code Cio. Pro. § 3265). As the case is here presented on an exclusion of proof, it cannot be determined what items, if any, should be stricken out or deducted—hence a relaxation becomes a necessity ; and this must be, of course, on motion. •
Perhaps all the ceremony of relaxation and possible correction of the judgment as now entered, may be avoided by a provision in the order, in accordance with the following suggestions.
The $65 was for something. It cannot be presumed that it was imposed in the nature of a penalty or fine. That would have been without any authority of law— illegal. There is a legal presumption against this conclusion. The legal presumption is that the $65 was made up, in accordance with the usual practice in such cases, in whole or in part at least, of taxable items for services and disbursements in the case, deemed to have been performed and incurred in obtaining and entering up the judgment which the court concluded to vacate and set aside. In this view of the subject, it is tolerably certain by fair implication (the proof when all in may make it different), that the $65 was made up as follows:
*99 For costs after notice before trial, . . $15.00
Trial of issue of fact, . . . . 30.00
For supplementary proceedings initiated, and perhaps a small amount for disbursements, 10.Q0 Costs of opposing motion, which the defendant was entitled to, being for favor, , . 10.00
$65.00
(I may be permitted to remark parenthetically, that I do not, as I should not, here act upon my own recollection of the occurrence, but only upon the proof laid before me of the facts, and the legal inferences deducible therefrom.)
' It is not understood to be stated, in the opposing affidavit read on this motion, as a fact, that the two items—$15 and $30—were not estimated and included by the court in the $65 ; nor, from the facts now before the court, can it be presumed that such negative proof can be given ; and the fair, and as it would seem from the facts, the legal presumption is, that those items were included in the $65. As above stated, it cannot be inferred that the $65, or any part of this sum, was imposed as a fine or penalty.
A condition will therefore be added in the order to the effect, that if the defendant will give the plaintiff a stipulation to deduct the two items, $15 and $30, with the addition now included in the present taxation, allowed on them, according to the provision of section 3258 of the Code, to wit: $22.50—in all, $67.50—and that payment or collection of the balance of the judgment, after making such deduction, shall be held and deemed satisfaction thereof, then this motion to be deemed denied. But this, of course, is a matter entirely at defendant’s option.
He may prefer a retaxation of the costs on the proof that shall then be laid before the taxing officer touching the question whether the items objected to were or *100 were not included in the $65, which sum is conceded to have been paid.
No costs of motion are allowed to either party. Although a retaxation is ordered, with directions to the taxing officer as provided by section 3265, and to that extent the plaintiff is successful on the motion, still he has failed as to part of his motion.