## NEW YORK SUPERIOR COURT.

### JEREMIAH G. HAMILTON agt. WENTWORTH S. BUTLER.

There is no provision of law for over *five term fees* in any action.  Consequently an *extra term fee*, after the cause had been on the calendar for five terms, and after it had been once tried, although set down for another trial by the judge for the next term, cannot be allowed for such term.

Where a cause has been three times tried, *copies of notes* taken by the stenographer on the first two trials cannot be allowed.  They are not, although very useful, *necessary disbursements* under section 311 of the Code.

The provisions of the Code (§ 307, *sub.* 3) for all proceedings before a *new trial* $25, only apply to cases where a new trial has been *granted*, not to those where a trial has never been completed, as where the jury disagree, or are discharged without rendering a verdict.

The item of $30 *for trial fee* on an issue of fact, is properly allowed for every time the cause is tried.  A trial without a verdict is still a trial, and the labor of counsel is equally great whether the jury agree or not.

Hamilton agt. Butler.

*At Special Term, November,* 1865.    *Heard November* 18*th,* 1865, *before* ROBERTSON, *Ch. J.*

MOTION for retaxation of costs.    The plaintiff brought this action to recover $550, and the defendant in his answer claimed $1,000 against the plaintiff.    The case was tried three times.    On the first trial, after the evidence was all in, the justice discharged the jury on account of some misconduct on the part of one of the jurymen, and put the case off for the term.    On the second trial at the next term, the jury failed to agree, and were discharged.    On. the third trial the jury rendered a verdict for the defendant for $1,106.85, the amount claimed by him.

IRA D. WARREN, *for defendan*ᵗ

I. The clerk disallowed the $10 costs of the June term. The case was first tried in May, previous to which it had been on the calendar for five terms.    After the trial in May, the justice holding the trial term set the case down for trial again in June.    The case was necessarily on the calendar for June term, and was not reached, and we therefore claim the term fee of $10 for June.

II. The second item the clerk disallowed was $25 for all proceedings after notice and before the second trial; and also after the second and before the third.    Section 307 of the Code provides, " to either party where a new trial shall be had, for all proceedings before such new trial $25." The Code defines a trial to be " a judicial examination of the issues between the parties " (*Code*, § 252).    It is a new trial, therefore, every time it is "judicially examined," which was three times in this case, and we therefore claim $25 for the second and third trials.

III. The clerk disallowed any trial fee except the last. The Code provides (§ 307), " for *every* trial of an issue of fact $30."    Section 252 defines a trial to be " a judicial examination of the issues between the parties."    There-

Hamilton agt. Butler.

fore, we say, every time there is such a "judicial examination," it is a trial, and we are entitled to a trial fee. (*Code,* § 252 *and note, and* § 307, *sub.* 4; 4 *Duer,* 641; 4 *How.* 465; 8 *How.* 1; 6 *How.* 465; *Tillinghast's Pr. vol.* 2, *p.* 610.)

IV. We claim that we are entitled to the $13.50 and the $15, for copies of the reporter's notes of the evidence on the first and second trials. The affidavits show that they were necessary and material in trying the case the second and third times.

Wm. H. Anthon, *for plaintiff.*

Robertson, Ch. J. This action has been three times tried. On the first trial the jury were discharged after all the evidence was admitted, on account of the misconduct of one of their number. On the second trial the jury disagreed. On the third trial they found a verdict for the defendant. I do not find any provision of law for over five term fees in any action (*Code,* § 307, *sub.* 7). The item in the defendant's bill of costs for an extra term fee, after the cause had been once tried, was properly disallowed.

The provisions of the Code (§ 307, *sub.* 3) for proceedings before a new trial, only apply to cases where a new trial has been "granted," not to those where a trial has never been completed. Both items in such bill of costs of proceedings before a *new* trial, were properly disallowed. The copies of notes taken by the stenographer on the first two trials, although very useful, were not necessary disbursements under the 311th section of the Code. Any other notes would have answered the same purpose, and compensation to a private stenographer could not have been a necessary disbursement; even the cost of a copy for a judge is made the subject of a special provision (*Code,* § 256). The charge for such copies was therefore properly disallowed. The Code defines a trial to be "a judicial

examination of the issues between the parties." A trial without a verdict is still a trial, and the labor of counsel is equally great, whether the jury agree or not. The language of Mr. Justice HARRIS, in *Ellsworth* agt. *Gooding* (4 *How.* 4), seems to be very appropriate. Strictly speaking, where a new trial has been granted the first trial is a nullity, and yet no special provision is made by law for a second trial fee, although there is one for proceedings anew before such second trial. It may not perhaps be a matter of practical consequence to a counsel, as a court would give compensation by an extra allowance, in case a cause was tried more than once, as a difficult and extraordinary one, and of course if included in the adjustment of costs, a court would give so much less compensation as an extra allowance.

I think the items of $30 for trial fees on the first and second, as well as the third trial, should have been allowed, and the bill of costs as adjusted must be reformed in that respect, and such charges allowed.