## SUPERIOR COURT.

AMASA SPRING agt. JAMES DAY, impleaded, &c.

A trial fee of $30 is taxable on the first and second trials each, where the jury disagreed on the first trial, but found a verdict for defendant on the second.
A charge of $15 for services after notice and before trial, not exceeding five term fees, is also taxable for each trial.
Also a fee of 10 is properly allowed where more than two days were occupied at each trial, for such trials.
A charge for stenographer's fees for copy minutes of the first trial is not allowable.

*Special Term March*, 1873.
*Motion for retaxation of costs.*

DE WITT C. BROWN, *for def't.* Day, *for the motion.*
NATHANIEL NILES *for plff. opposed.*

VAN VORST, J.—This action was first tried at the May term, 1868. The jury disagreed. A second trial was had at a trial term in January, 1873, which resulted in a verdict for defendant Day, each trial occupied more than two days.

Defendant claims as costs a trial fee of thirty dollars for each of the terms, also fifteen dollars for proceedings after notice of, and before each trial.

A trial fee of thirty dollars is allowed for " every trial " of an issue of fact (*Code* § 307, *Sub.* 4).

This clearly warrants a trial fee, although the jury should disagree, and also a second fee on a subsequent trial (*Hamilton* agt. *Butler*, 30 *How.*, 36).

Subdivision 2 of same section allows for all proceedings after notice of, and before trial fifteen dollars. After the jury had disagreed on the first trial, the defendant was

obliged to renotice the case for trial, and go through the same proceedings preparatory to the second trial, that he had for the first. He was obliged to have the case put on the trial calendar, to subpœna his witnesses, and otherwise to make adequate preparation for the trial. A second charge of fifteen dollars for services before trial is clearly allowable. "Not exceeding five term fees" in all, are allowable notwithstanding second trials be had.

Each trial having occupied more than two days ten dollars additional for each trial should be allowed (*Subdivision* 4 *of* § 307).

The charge for stenographer's fees for copy minutes of the first trial is not taxable (*Hamilton* agt. *Butler*, *supra*).

In support of this item it was specially alleged by the defendant's counsel that the testimony of a witness given on the first trial, the witness having in the meantime died, was necessary for the second trial, and that it was stipulated between the attorneys of the parties that his evidence should be read on the second trial from the stenographer's notes taken on the first.

But the attorney for the plaintiff makes affidavit that this evidence was read from a copy of the minutes which he had obtained and for which he had paid. In such case the defendant cannot be allowed for a copy of the minutes as a disbursement.

The affidavit of the travel and attendance of witnesses was sufficient and the fees were improperly deducted by the clerk.

There must be a readjustment of the costs. The clerk will deduct five term fees, $50 : stenographer's minutes, $14 : and allow the other items in the bill of costs presented.