JOSEPH S. COHU *et al.*, as Administrators of the Goods &c. of HENRY S. COHU, Deceased, Respondents, *against* JOSEPH HUSSON, Appellant.

(Decided December 7th, 1885).

Where a promissory note is made and delivered in exchange for another of the same amount and similar in other respects, for the mutual accommodation of the makers, although it is afterwards transferred at a dis-

Cohu v. Husson.

count beyond the legal rate of interest, the maker cannot set up usury against the indorsee.

In an action upon a promissory note, brought by the administrators of the payee against the maker, the latter set up as a counterclaim a note made by plaintiffs' intestate, payable to defendant's order, which he alleged he had received from the deceased for value. Plaintiffs' reply denied that the note had any legal inception, and alleged that it was one of a series of notes given to defendant without consideration and for his accommodation. There was evidence that defendant, who was a cousin of deceased, had admitted that deceased had loaned him his notes from time to time, that they had been discounted by a third person, and promised to see that person and settle with him, making at that time no claim upon the note pleaded by him as a counterclaim ; and it also appeared that when deceased made that note he held an unpaid note of defendant to his order for a like amount which had just matured. *Held*, that this was evidence sufficient to sustain a finding by the jury that the note set up as a counterclaim was not given for value.

Under the reply, all the notes given by either party were admissible in evidence to show the course of dealing between the parties ; and it was proper to instruct the jury that they could take all the notes into consideration.

The court may grant a re-taxation of costs, although no appeal has been taken from the taxation by the clerk.

*It seems*, that costs imposed and paid as a condition of amendment, may be again recovered in a judgment in the same action in favor of the party who has received them.

APPEALS from a judgment of the General Term of the City Court of New York affirming a judgment of that court entered upon the verdict of a jury, and from an order of the General Term of that court, affirming an order granting a re-taxation of costs.

The facts are stated in the opinion.

*John H. Bergen*, for appellant.

*Abram Kling*, for respondents.

J. F. DALY, J.—This is an appeal from the General Term of the City Court affirming a judgment in favor of plaintiffs for $931 and costs, entered upon the verdict of a jury. The action was upon a promissory note of defendant for $700, dated February 21st, 1879, to the order of plaintiffs'

intestate Henry S. Cohu, payable four months after date. The first defense to the note sued on was that it was given by defendant to Henry S. Cohu in exchange for a similar note of the latter, for their mutual accommodation; that defendant indorsed the note he received, and had it discounted by George B. Ripley & Co., who hold the same, and claim to enforce it against defendant. It appeared, however, on the trial, that the plaintiffs as administrators of Henry S. Cohu held that note, George B. Ripley & Co. having delivered it to them as paid by said Cohu in his lifetime. There was sufficient evidence for the jury to find that Cohu had paid it in full, and that his estate was therefore entitled to recover from defendant the full amount of the latter's note given in exchange for it. The verdict represents the face of the note and interest.

Defendant claims, however, that the note so taken up by Cohu had been discounted by George B. Ripley & Co. at an usurious rate, and that this fact destroyed its validity in their hands and in the hands of the plaintiffs. Without going into the question as to how such usury would affect plaintiffs' right, it is enough to say that there was no usury. The exchange of notes between Cohu and defendant made each note a valid security for its full face, issued upon full consideration, and salable for any sum it would fetch, and if transferred at a discount beyond the legal rate of interest the maker could not set up usury against the indorsees (*Dorne* v. *Shutt*, 2 Denio 621; *Davis* v. *McCready*, 17 N. Y. 232).

The defendant set up as a counterclaim a note of Henry S. Cohu for $750, dated October 14th, 1879, payable to defendant's order three months after date, which defendant alleged he had received from Cohu for value, and had ever since been the lawful owner of. Plaintiffs replied that they denied that the note had any legal inception, and alleged that it was one of a series of notes given to defendant without consideration and for his accommodation.

The jury disallowed the counterclaim, and must have believed the allegation of the reply. There was evidence

Cohu v. Husson.

upon which they might come to this conclusion. The defendant admitted to one of the administrators that the deceased had loaned him his notes from time to time. This was in a conversation within a month or two after Cohu's death, in which the administrator asked defendant about his notes held by the estate. No claim was then made by defendant on this note now set up as a counterclaim, but he said that the notes the administrators had taken up from Ripley had been loaned to him by deceased; that deceased had loaned him his notes from time to time, and Horace Ripley had discounted them; that he would see Horace Ripley and settle with him. Defendant and Henry S. Cohu, deceased, were cousins. Plaintiffs also introduced in evidence a note held by them, made by defendant to the order of Henry S. Cohu for $750, dated August 11th, 1879, at two months, which fell due the very day the note set up as counterclaim was made by Cohu, showing that when deceased made that note he held an unpaid note of defendant to his order, for a like amount which had just matured. This was some evidence that the note counterclaimed was not given for value.

Defendants took several exceptions, but they do not call for reversal. At folio 41 the answer gave immaterial evidence which could not have affected the verdict. All the notes given by either party were admissible in evidence under the reply, to show the course of dealing by which the deceased gave his notes to defendant while he held the latter's unpaid notes, in order to establish his defense to the counterclaim, that the note held by defendant was given for his accommodation merely. The judge properly charged the jury that they could take all the notes into consideration. The exceptions to the charge and to refusals to charge on the law of usury and the facts of usury are unavailable, as there was no question of usury in the case, as I have pointed out already.

An appeal is taken by defendant from an order of the City Court affirming an order of the Special Term granting a re-taxation of costs, and allowing plaintiffs to tax full costs on recovery of judgment, although they had previ-

ously received from defendant a portion of such costs pursuant to an order imposing upon him " costs to date " as a condition of amending his answer. It is objected that the court granted a re-taxation, although plaintiffs had not appealed from the taxation by the clerk disallowing the items claimed. This objection cannot be sustained. The Code allows the court in its discretion to order re-taxation of the costs at any time (§§ 3264, 3265). It is objected that the " costs to date " having been paid under the order imposing those terms as a condition of amendment, cannot be recovered again in the judgment entered by the party who has received them. The City Court held that he could, following the New York Superior Court in *Havemeyer* v. *Havemeyer* (48 N. Y. Super. Ct. 104), holding that the order imposing " payment of costs of the action to the present time " as a condition of amendment, " contemplated only a compensation to the plaintiff for the amendment, to be measured by the taxable costs to the time of its entry." This view seems to be reasonable. Any other construction would, in the event of ultimate recovery by the party who has received the costs, deprive him of the compensation intended as an offset to the favor granted his adversary. It seems, too, that the construction which the City Court places upon its own order (and the Superior Court, in the case last cited, deems the question one of construction, see p. 106), ought not to be the subject of review in this court (*Union Trust Co.* v. *Whiton*, 78 N. Y. 491).

The judgment and order appealed from should be affirmed, with costs.

LARREMORE and VAN HOESEN, JJ., concurred.

Judgment and order affirmed, with costs.