(6 Misc. Rep. 365.)

### STARR CASH-CAR CO. v. REINHARDT et al.

(Common Pleas of New York City and County, General Term. January 2, 1894.)

1. COSTS—TO ABIDE EVENT OF NEW TRIAL.
   An order of the court of common pleas, reversing a judgment of the general term of the city court, and directing a new trial, "with costs to appellant to abide the event," includes the cost of the appeals to the common pleas and to the general term of the city court, and also the costs in the trial court, and, where respondent prevails on the new trial, the costs mentioned in the order of reversal cannot be taxed by him.

2. SAME.
   The first trial of the cause resulted in the withdrawal of a juror at defendant's request. On the second trial, judgment was given for plaintiff. This judgment was affirmed by the general term of the city court, but was reversed on appeal to the court of common pleas, and a new trial ordered, "with costs to appellant to abide the event." *Held*, that the costs of the first trial were not included in the order of reversal, and were therefore taxable by plaintiff, who recovered judgment on the new trial. 23 N. Y. Supp. 733, reversed.

3. SAME—PAYMENT AS CONDITION OF GRANTING MOTION.
   Where defendant is permitted to withdraw a juror to enable him to amend on condition of the payment of a certain sum as costs, such payment is not in satisfaction of the taxable costs of the trial, but such costs may be taxed by plaintiff on recovering final judgment.

4. SAME—INTERPRETATION OF ORDER AWARDING COSTS.
   The construction by the general term of the city court of an order made by it in relation to costs will not be reviewed by the court of common pleas.

Appeal from city court, general term.

Action by the Starr Cash-Car Company against Henry Reinhardt and another. From so much of an order of the general term of the city court (23 N. Y. Supp. 733) as affirms an order of the special term allowing plaintiff to tax the trial fee of $30 for a previous trial, and the jury fees upon two previous trials, of the action, defendant appeals, and, from so much of the same order as modifies the special order by disallowing a trial fee of $40 for one of the previous trials of the action, plaintiff appeals. Affirmed in part, and reversed in part.

Upon the first trial of this action, the plaintiff moved for judgment on defendants' answer. The defendants asked for leave to amend, and a juror was withdrawn at their request, upon condition of the payment of $35 costs,

which condition they complied with. On the second trial of the action, plaintiff moved for judgment on the amended answer, which motion was granted. Defendants appealed to the general term of the city court, which affirmed the judgment. They appealed to this court, where it was held that the answer set up a valid counterclaim, which should have been tried upon the merits; and the judgment was reversed, and a new trial ordered, with costs to the appellants to abide the event. On the new trial the plaintiff recovered a verdict, and was allowed to tax, in its bill of costs, a trial fee and a jury fee for each of the previous trials. The defendants appealed to the general term of the city court, which disallowed the trial fee for the first trial, and affirmed as to the residue.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Janeway, Thacher & Richards, (Eugene L. Richards, Jr., of counsel,) for plaintiff.
Joseph C. Rosenbaum, for defendants.

DALY, C. J.   When we reverse a judgment of the city court, and order a new trial, with costs to the appellant to abide the event, we intend that the costs of the appeal to this court, and of the appeal to the general term of the city court, and of the trial which resulted in the judgment reversed, shall be included in such costs.   In construing an order of the court of appeals ordering a new trial in our own court, with costs to abide the event, we hold that the costs of the former trial, as well as of the appeal, are intended, (Mott v. Ice Co., 8 Daly, 244;) and our rule is in conformity with that of the court of appeals in reversing a judgment, and ordering a new trial, with costs to abide the event, as the appellate court intends thereby all the costs of the action up to and including the decision of the court, (Franey v. Smith, 126 N. Y. 658, 27 N. E. 559;) and to the same effect is the decision of the superior court, with respect to a similar award of costs to appellant, (Cochran v. Gottwald, 42 N. Y. Super. Ct. 214.)   When such costs are allowed to the appellant, to abide the event, they cannot be taxed by his adversary if the new trial results in favor of the latter.   We have the power, under section 3238 of the Code of Civil Procedure, regulating costs upon appeal from final judgment, to award costs absolutely, or to abide the event, and we have the power to award them absolutely to the appellant; and, when we grant them to him conditionally upon his ultimate recovery, his adversary cannot, under any construction of such an order, become entitled to them, but can recover only the costs of the new trial, and such costs of the action as are exclusive of the costs and disbursements of the trial which has been set aside. The costs of the first trial, which terminated by the withdrawal of a juror, were unaffected by our decision upon the appeal from the judgment upon the second trial, and the plaintiff, having ultimately succeeded in the action, would be entitled to such costs.

The defendants contend, however, that the $35 paid by them as a condition of the favor extended to them in permitting the withdrawal of a juror to enable them to amend, embrace the trial fee upon that trial, and that the latter item cannot be taxed and collected from them a second time.   This contention cannot be sustained upon authority.   The payment of costs as a condition of amendment contemplates only a compensation to the plaintiff, to be

measured by the taxable costs, and the successful party is still entitled to tax costs of the trial.    Cohu v. Husson, 13 Daly, 334.

But the court which awards the costs in such a case is at liberty to construe its own order, and to say what is embraced in the award; and the city court at general term, having disallowed the taxation of a trial fee for the first trial, placed a construction upon its own order, with which we cannot interfere.    Id. 338.    We must therefore affirm so much of the order which disallows the trial fee upon the first trial, and from which the plaintiff appeals, and we must affirm so much of the order as allows the plaintiff to tax the jury fee upon such trial, from which the defendants appeal. The allowance to the plaintiff of the trial fee and jury fee upon the second trial was improper, because they were a part of the costs which we awarded to the appellant in granting him a new trial, and the order of the general term which affirms such allowance, and from which defendants appeal, must be reversed.    As neither party has wholly prevailed upon this appeal, no costs are allowed.    All concur.