Daly, C. J.
Under the former Code of Procedure, allowing the taxation of only such disbursements as were “necessary.” It was generally held that the expense of a copy of the stenographer’s minutes of a former trial, procured for use upon the second *406 trial, could not be taxed, Hamilton v. Butler, 30 How. Pr. 36, Robertson, J.; Id. 19 Abb. Pr. 446, although it was subsequentl y determined that it might be, Flood v. Moore, 2 Abb. N. C. 91, Westbrook, J. In the first case it was said that they were “very useful,” but not a necessary disbursement. In the second case it was said that the allowance of the disbursement stood upon the same ground as the expense of subpoenaing witnesses to testify to what other witnesses swore to on the first trial. The present Code allows “reasonable” as well as “necessary” disbursements ; and under that category this disbursement might with propriety be claimed. Section 3256. Under the old Code, the expense of the stenographer’s minutes, procured in order to propose amendments to a case, were at one time allowed, Sebley v. Nichols, 32 How. Pr. 182, and afterwards in another case disallowed, Extracting Apparatus Co. v. Sargent, 43 Hun, 154. Since the new Code, such a disbursement has been considered as reasonable when taxed as disbursements of appeal. Stevens v. Railroad, 31 St. Rep. 404. The tendency is to hold that to the “reasonable” as a disbursement which is useful and convenient, and which prudence would suggest as requisite in the way of preparation. A copy of the stenographer’s minutes of the evidence upon a former trial for use upon a subsequent trial that would come under that head. The disbursement should, therefore, be allowed. Costs after notice of trial and before trial should be taxed upon a second trial after the disagreement of the jury upon the first trial. Spring v. Day, 44 How. Pr. 390. Sheriff’s execution fees should be allowed ($1.50), under the act of 1890, chap. 528, § 17, subd. 6.