(12 Misc. Rep. 387.)

KÜMMER v. CHRISTOPHER & TENTH ST. R. CO.

(Common Pleas of New York City and County, Special Term. May 8, 1895.)

1. COSTS—AFTER NOTICE AND BEFORE TRIAL.

Code Civ. Proc. § 3251, subd. 3, allows $15 costs "for all proceedings after notice of trial and before trial, except as otherwise prescribed in this article." A subsequent clause in the same subdivision provides that, "where a new trial is had pursuant to an order granting the same," $25 shall be allowed for all proceedings after the granting of and before the new trial. *Held* that, where a judgment has been reversed and a new trial granted, the item of $15 for proceedings after notice of trial and before trial is not taxable. Zelmanovitz v. Railroad Co. (Com. Pl. N. Y.) 33 N. Y. Supp. 583, distinguished.

**2. SAME—DISBURSEMENTS—STENOGRAPHERS' FEES.**
Under Code Civ. Proc. § 3256, allowing reasonable or necessary disbursements, the expense of a copy of the stenographer's minutes of a former trial procured for use on the second trial is taxable. Zelmanovitz v. Railroad Co. (Com. Pl. N. Y.) 33 N. Y. Supp. 583, followed.

Action by Charles Kummer against the Christopher & Tenth Street Railroad Company. Motion for new taxation of costs.

Herbert T. Ketcham, for plaintiff.
Merrill & Rogers, for defendant.

GIEGERICH, J. Upon further consideration, I am convinced that I erred, upon a former motion for a new taxation of costs in this case, in allowing $15 for services after notice of trial and before trial. Such an allowance should not be made in the case of a new trial granted upon an order. The case of Spring v. Day, 44 How. Pr. 390, followed by Chief Judge Daly in Zelmanovitz v. Railway Co. (Com. Pl. N. Y.) 33 N. Y. Supp. 583, is authority for such a charge in the case of a new trial resulting from a disagreement of the jury, but does not present the question of the proper practice in taxation for a new trial which has resulted from a reversal of a judgment and an order granting such new trial. I do not think, however, that the Code of Civil Procedure leaves any doubt as to the proper taxation under such circumstances. Section 3251, subd. 3, awards costs: "To either party: For all proceedings after notice of trial, and before trial, *except as otherwise prescribed in this article*, fifteen dollars." The different provision indicated by the words which I have put in italics is found below in the same subdivision, and is as follows: "Where a new trial is had, pursuant to an order granting the same, for all proceedings after the granting of, and before the new trial, twenty-five dollars." I think it clear that the last provision operates to the exclusion of the former, and that where $25 has been taxed for costs after the granting of and before a new trial no allowance can be made in the same trial for costs after notice of trial. Since the matter was last before me, there has been a second reversal, and a second new trial has been ordered. It follows, therefore, as there have been two new trials granted in the case, for which $50 were properly taxed as costs after the granting of and before such new trials, that the item of $60 for costs after notice of trial for four trials should be reduced by $30. The remaining $30 of the item is proper, being made up of $15 for costs after notice of trial of the first trial and $15 costs after notice of trial of the trial which was made necessary by a disagreement of the jury. The payment of the costs and disbursements of a former trial was imposed upon the appellant as a condition to the granting of a new trial, which was granted, it seems, as a matter of favor, no available exceptions or errors of law appearing in the record on appeal. The principle applied in cases of similar indulgences in opening defaults (Lennon v. McIntosh, 19 Abb. N. C. 175), and in allowing amendments (Cohn v. Husson, 13 Daly, 334; Cash Co. v. Reinhardt, 6 Misc. Rep.

365, 26 N. Y. Supp. 746), affords ground for a like decision in this case. I think that the successful party is entitled in such cases to tax the costs, although they have already been once allowed and paid to him, as a recompense for the favor granted to his adversary. It follows that the clerk's taxation of the costs and disbursements, paid as aforesaid, was proper; and consequently the same should not be deducted from plaintiff's bill of costs.

Zelmanovitz v. Railway Co., supra, is an express adjudication that disbursements for stenographer's minutes of testimony upon a former trial for use upon a subsequent trial may be taxed. The plaintiff's attorney makes affidavit that the transcript was necessary for use and was used upon the two succeeding trials. The charge therefor of $5.60 is not unreasonably large, and therefore should be allowed.