procure a proper substitute, or of the superior attractions of the defendant.

There are other defects in the affidavits upon which the attachment in question was procured; but enough has been presented to show that, unless the mere assertion of a party as to damage is to be held sufficient, no case is made out in the case at bar establishing any such damage as is claimed by the plaintiff in this action.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.    All concur.

---

(33 App. Div. 239.)

BELT et al. v. AMERICAN CENT. INS. CO.

(Supreme Court, Appellate Division, First Department.    August 10, 1898.)

1. COSTS—NEW TRIAL.
    When the court of appeals grants a new trial, "with costs to the plaintiff to abide the event," it is only the costs in the court of appeals which are referred to.

2. SAME—TAXATION—DISMISSAL.
    If, after a judgment entered upon the dismissal of a complaint was affirmed on appeal to the general term, the court of appeals granted a new trial, upon which the complaint was again dismissed, the defendant was entitled to tax the costs and disbursements of both trials, including the costs of the appeal to the general term.

Appeal from special term, New York county.

Action by Washington Belt and others against the American Central Insurance Company.    From an order granting a retaxation of costs, defendant appeals.    Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and O'BRIEN, JJ.

Edgar J. Nathan, for appellant.
William N. Hamilton, for respondents.

McLAUGHLIN, J.    This action was brought to recover the amount of a loss alleged to have been sustained under a policy of fire insurance.    The action has twice been tried.    Upon the first trial the complaint was dismissed, with costs, and from the judgment entered thereon the plaintiffs appealed to the late general term, where the same was affirmed, with costs.    Subsequently an appeal was taken to the court of appeals, and the judgments of the trial term and general term were reversed, and a new trial granted, "with costs to plaintiffs to abide the event."    On the second trial the defendant again obtained a dismissal of the complaint, and it taxed the costs and disbursements of both trials, and of the appeal to the general term.    The plaintiffs thereupon made a motion for a retaxation, and the special term struck out the following items:    Trial fee (first trial), $30; term fee (first trial), $20; appeal to general term before and after argument, $60; amendments to case on appeal to general term, $10; disbursements at first trial, $4.42; disbursements at general term, $18.22, —making a total of $142.44, which was deducted from the sum of $276.78, as taxed by the clerk.    The defendant was allowed to tax

the costs and disbursements of the second trial only. From the order directing a retaxation the defendant has appealed.

We think the special term erred in refusing to allow the defendant to tax the items stricken out. A plaintiff is entitled to costs upon the rendition of a final judgment in his favor in an action of this character. Code Civ. Proc. § 3228. A defendant is entitled to costs upon the rendition of a final judgment in an action of this character unless the plaintiff is entitled to costs. Id. 3229. Upon an appeal from a final judgment in an action, the recovery of costs is regulated by section 3238, which provides, if "a new trial is directed, costs may be directed to either party, absolutely or to abide the event, in the discretion of the court." The court of appeals in reversing the judgment exercised the discretion provided for in section 3238, and awarded costs to the plaintiff to abide the event. The costs to which it referred, and which were thus limited to the plaintiff upon a final recovery, were only the costs in the court of appeals. Howell v. Van Siclen, 8 Hun, 524, 70 N. Y. 595; In re Water Com'rs, 104 N. Y. 677, 10 N. E. 545; Broadway Sav. Inst. v. Town of Pelham, 148 N. Y. 737, 42 N. E. 722. In Howell v. Van Siclen the reversal contained a general award of costs to the defendant to abide the event, and it was there held that the plaintiff, who recovered the second judgment, was entitled to the costs of the second trial. Brady, J., in delivering the opinion of the court, said:

"When the court granted a new trial, with costs to the defendant to abide the event, it was the costs of appeal, and not costs in the action, which were allowed. The plaintiff, having succeeded, was entitled to costs; but the defendant, having reversed the judgment, was allowed costs of the proceeding taken by him for the purpose, provided he succeeded in the action. The plaintiff could not have them, in any event, because he did not maintain his judgment. The defendant was not, when the appeal was taken, entitled to costs; he had not succeeded in the action; and the presumption must be against him, if any be indulged in, where the reversal of the judgment rests upon some error committed upon the trial. He was not the successful party, and, still insisting upon his nonliability for the plaintiff's claim, he demanded a new trial. He was again unsuccessful, and the plaintiff became, by the operation of the statute, entitled to the costs in the action, except the costs of appeal. These costs were awarded him, and properly. He was the successful party."

This case seems to be directly in point, and controlling, upon the question presented upon this appeal.

In re Water Com'rs, supra, the court observed that "the reversal of the original appeal in this case was 'with costs,' and, as construed, entitled the appellant to costs in this court only." And in the recent case of Broadway Sav. Inst. v. Town of Pelham, supra, a motion to withdraw an appeal to the court of appeals was granted upon payment of all costs before notice of argument, and it was there held that the costs referred to meant costs in that court only. See, also, Donovan v. Board, 1 Civ. Proc. R. 311, note; Mott v. Ice Co., 8 Wkly. Dig. 145; Sisters of Charity v. Kelly, 68 N. Y. 628; First Nat. Bank v. Fourth Nat. Bank, 84 N. Y. 469.

It follows that the special term erred in striking out the items which it did, and for that reason the order must be reversed, with $10 costs and disbursements, and a retaxation ordered. All concur.