BUEB v. GERATY et al.

(City Court of New York, General Term. March 2, 1900.)

COSTS—APPEAL—TAXATION.

> Where on the first trial plaintiff succeeded, and taxed his costs, and the case was affirmed on appeal to the general term, with costs, which judgment, on appeal to the appellate term, was reversed, and a new trial ordered, with costs to the defendant to abide the event, the plaintiff was entitled to recover the costs of the former trial and the appeal to the general term when he succeeded in the new trial.

Appeal from special term.

Action by Otto J. Bueb against Annie M. Geraty and another. From an order retaxing costs, plaintiff appeals. Reversed.

Argued before FITZSIMONS, C. J., and CONLAN and O'DWYER, JJ.

Edward P. Stein, for appellant.
Edmund T. Oldham, for respondents.

CONLAN, J. The case was twice tried. On the first trial the plaintiff succeeded, and taxed his costs. The judgment was affirmed, with costs, on an appeal to the general term of this court, and the plaintiff taxed the costs of this appeal. Upon an appeal to the appellate term (59 N. Y. Supp. 249), that court reversed the

judgment, and awarded a new trial, with costs to the appellants (defendants) to abide the event. Upon the new trial, the plaintiff again succeeded, and on the taxation of costs the clerk allowed to him the costs of the former trial and of the appeal to the general term of this court. This, we think, was a proper disposition of the question of costs. If the defendants had succeeded on the new trial, then the decision of the appellate term awarding them costs to abide the event would have added, to the costs which naturally followed the recovery upon the new trial, the costs in their favor upon the appeal to that tribunal, and which were to abide the event of such new trial, but they would be entitled to nothing more. The plaintiff succeeded on the first trial and first appeal, and these costs were absolute in his favor, and became as much a part of his recovery on the second trial as any part of the costs recovered upon such trial. What other disposition could be made of the matter we are wholly at a loss to understand. It is not unusual for a party to recover the costs of more than one trial where he has succeeded on such additional trials, and the question decided at the appellate term was simply an award of the costs in that court, and which the party would be able to tax in his favor if he succeeded upon the new trial thus granted him by that court on appeal. It follows, therefore, that the order appealed from should be reversed, and that the plaintiff be allowed to recover the costs of the former trial, of the appeal to the general term of this court, and upon the last recovery, and that he have costs of this appeal.

O'DWYER, J. (concurring). We are aware that the decision arrived at herein is in conflict with our decision in Elliott v. Luengene, 19 Misc. Rep. 428, 43 N. Y. Supp. 1140, in which we reluctantly followed a decision of the former court of common pleas in Car Co. v. Reinhardt, 6 Misc. Rep. 365, 26 N. Y. Supp. 746. But since that decision the questions raised by the defendants as to plaintiff's right to tax the costs of the first trial and in the general term of this court have been determined by the appellate division in this department adversely to the contention of the defendants (see Belt v. Insurance Co., 33 App. Div. 239, 53 N. Y. Supp. 363), and we now feel bound to follow the later decision of the supreme court. It follows that the special term erred in striking out the items which it did, and for that reason the order must be reversed, with $10 costs and disbursements, and the clerk's taxation affirmed.

FITZSIMONS, C. J., concurs.