cation for reversing this order. Under the circumstances of this case, however, no end of justice is likely to be served by such a disposition, and the matter calls for an affirmance of the order.

The order appealed from should be affirmed, with costs. All concur.

---

SEIFTER v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. July 17, 1900.)

1. COSTS—DIFFICULT CASE—PERCENTAGE ON VERDICT—CALCULATION ON INTEREST.

Where, in an action for death, the court granted an extra allowance directly after verdict returned by way of a stated percentage, as authorized under Code Civ. Proc. § 3253, in a "difficult and extraordinary case," but with no direction or intimation by the court that the percentage was allowed on anything beyond the verdict as rendered, the computation thereof cannot be made on the interest as well as on the amount of the verdict, under Code Civ. Proc. § 1904, providing that in such actions "the clerk must add, to the sum awarded the plaintiff, interest thereupon from the decedent's death, and include it in the judgment."

2. SAME—ALLOWANCE AFTER NOTICE OF TRIAL—DISAGREEMENT OF JURY.

Where, according to the practice in a county, but one notice of trial is required in any case, plaintiff, recovering judgment in an action for damages for death, after one mistrial, is not entitled to an allowance of two items of $15, under Code Civ. Proc. § 3251, subd. 3, providing that the court may allow to either party, "for all proceedings, after notice of trial, and before trial," $15.

Appeal from special term, Kings county.

Action by Frederick Seifter, as administrator of the estate of Pincus Seifter, deceased, against the Brooklyn Heights Railroad Company, to recover for causing the death of plaintiff's intestate. From an order allowing plaintiff certain costs, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, and HIRSCHBERG, JJ.

Percy S. Dudley, for appellant.
James C. Cropsey, for respondent.

HIRSCHBERG, J. This action was brought to recover damages arising from alleged negligence of the defendant, causing the death of the plaintiff's intestate. Two trials were had; the jury disagreeing on the first trial, and on the second trial rendering a verdict in favor of the plaintiff for $12,500. The trial justice granted the plaintiff, on the latter's motion made at the time the verdict was rendered, an extra allowance of 5 per cent. By the order appealed from, which was not made by the trial justice, the county clerk is required to retax the plaintiff's costs by computing this allowance, not only upon the amount of the verdict, but also upon the interest thereon from the date of the death of the deceased to the date of the entry of the judgment, and by allowing an additional or second item of $15 for costs after notice of trial and before trial, relating to and covering the proceedings between the disagreement of the jury and the second trial. The order appears to be erroneous in both respects.

As to the question of the extra allowance, no authority is cited in support of the plaintiff's claim, and the uniform practice is opposed to it. The question is not whether the learned trial justice might not have granted an extra allowance of 5 per cent., to be computed upon the entire amount of the plaintiff's ultimate recovery, both principal and interest, but is whether upon the coming in of a verdict, followed by the immediate granting of an extra allowance by way of a stated percentage, but with no direction or intimation by the court that the percentage allowed was upon anything beyond the verdict as rendered, the computation should be based upon the interest, as well as upon the amount of the verdict. The case of Boyd v. Railroad Co., 6 Civ. Proc. R. 222, is not in point, because there the application for the extra allowance was made to the trial justice to cover the interest as well as the verdict, and was expressly granted at 5 per cent. upon both items. In this case, however, the parties agree that no application was made for an extra allowance to be computed upon the interest, and that the court responded to the application as made only by the statement that an allowance of 5 per cent. would be granted. This was equivalent to the granting of an allowance of $625 in express terms; that being 5 per cent. upon the sum just uttered by the jury, and presumably in the mind of the court as a basis for determining what would be a suitable amount to award. Assuming, but without deciding, that the language of subdivision 2 of section 3253 of the Code of Civil Procedure is broad enough to include the interest which the clerk is required by section 1904, Id., to add to the "damages awarded" in cases of death, so that a trial court may grant an extra allowance upon both items if it see fit to do so, it is sufficient answer to the plaintiff's claim that the trial court did not exercise such power, and that in the absence of such exercise the special term could not lawfully add to the award made by the trial court on the plaintiff's motion. This view is not only, as has been said, in accordance with the general practice, but is in conformity with the only decision on the question to which our attention has been called,—that of Sinne v. Mayor, etc., 8 Civ. Proc. R. 252, note, where it was held at the special term in New York that, "in an action for damages for causing death, an extra allowance granted by the court should be computed on the amount awarded by the jury, and not on that sum plus the interest which the Code of Civil Procedure (section 1904) directs the clerk to add thereto." The case is clearly distinguishable from Clegg v. Aiken, 8 Civ. Proc. R. 249, decided by the same court, in that the latter was upon contract, and the interest was included in the referee's report as a part of the damages to be recovered. The learned justice (Mr. Justice Lawrence) who wrote in both cases said (page 252):

"The defendants rely upon the decision made by me in the case of Sinne v. Mayor, but I do not regard that case as in point. The action was brought by the plaintiff, as administratrix, to recover damages for causing the death of her husband, and the amount recovered was $4,500. It was claimed in that case that the allowance should have been based upon that sum, plus the interest thereon, allowed by section 1904 of the Code of Civil Procedure. But I held that the damages recovered were those awarded by the jury, and that the interest which was added by the clerk under section 1904 was not a part of the

recovery, within the meaning of section 3253 of the Code. In this case the amount of the interest is a portion of the recovery, and the referee has specifically found that up to the time of his report the plaintiff is entitled to recover the sum of $17,298.21. I do not see how the principal sum can be separated from the interest, under the circumstances, and I am of the opinion that the total of principal and interest is the amount of the recovery. In the case against the city, above referred to, the interest was not a part of the verdict rendered by the jury. Under section 1904 of the Code, it was added to the sum awarded by the jury by the clerk. Here the interest is a part of the sum awarded by the referee sitting as judge and jury."

As to the $15 item the authorities are at variance, but the better opinion seems to favor the allowance of but one sum for costs after notice of trial and before trial. The venue in this case is laid in Kings county, where the calendar practice requires but one notice of trial, and the language of subdivision 3 of section 3251 of the Code of Civil Procedure seems to be explicit to the effect that $15 is to cover "all proceedings" after the notice and before the trial, except as otherwise prescribed; the exception being where a new trial is had pursuant to an order granting the same, in which case the sum of $25 is allowed for all proceedings after the grant of, and before, the new trial. But where a jury fails to agree the Code contemplates (section 1181) that they will be discharged, and that the trial will continue before another jury, "and the same proceedings must be had before the new jury, as if it was the jury first empanelled." Strictly speaking, there has been no trial where a jury disagrees, and only the trial which results in a verdict or decision can be regarded as the trial referred to in section 3251. If it were intended that $15 costs should be allowed for proceedings after notice of trial, and before each mistrial, it is reasonable to assume that the statute would have so declared. In the absence of such declaration, it is a fair and reasonable construction that the allowance of $15 is for all proceedings after the notice and before the trial of the case; that is, a real and complete, and not an abortive, trial, or attempt at trial. In Spring v. Day, 44 How. Prac. 390, the superior court, special term, in March, 1873, held that the taxation of an additional item of $15 was proper, where the jury had previously disagreed; but the court appears to have been influenced by the fact that, "after the jury had disagreed on the first trial, the defendant was obliged to renotice the case for trial, and go through the same proceedings preparatory to the second trial that he had for the first." This decision was followed by the special term of the court of common pleas in Zelmanovitz v. Railway Co. (Com. Pl.) 33 N. Y. Supp. 583, and in Kummer v. Railroad Co., 12 Misc. Rep. 387, 33 N. Y. Supp. 581; but the opposite view was held by the special term of the supreme court in Bank of Mobile v. Phœnix Ins. Co., 8 Civ. Proc. R. 213, and by the same court in Arent v. Eisenmann, where Spring v. Day is said to have been overruled. 1 Abb. Dig. (Rev. Ed. 2d Supp.) tit. "Costs," par. 359. The conclusion reached in the cases last mentioned commends itself to us as in accordance with the true construction of the provisions of the Code.

The order, so far as appealed from, should be reversed, and the taxation of costs modified accordingly. All concur.