## FREY v. HORTON.

(Supreme Court, Appellate Term. November 30, 1903.)

1. WITNESSES—COMPETENCY—ACTION BY ADMINISTRATOR—INTERESTED PARTY.
     In an action by an administrator against both maker and indorser on a note given to his decedent, defendants claimed that it was an accommodation note, and grew out of a usurious transaction with the deceased payee. *Held* that, as the indorser would be liable to his accommodation maker if the latter were liable on the note, he was an interested party, and hence incompetent to testify as against the administrator, under Code Civ. Proc. § 829.

2. SAME.
     The maker was also incompetent, since, in the absence of proof of usury, the indorser would have a cause of action against the maker, so that the latter was interested in proving the surety not liable.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Samuel L. Frey, as administrator, against Thomas R. Horton and another. From a judgment for defendant Horton, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Moses H. Grossman, for appellant.

Lyman A. Spalding, for respondent.

BISCHOFF, J. To an action upon a promissory note, made by the defendant Schoonmaker, indorsed by the defendant Horton, and delivered to the plaintiff's testator, the defense of usury was interposed, which defense was found to be established as to the indorser, Horton, but not as to the maker. The defendants were called as witnesses each in the other's behalf, and the question presented was whether either could testify to the personal transaction with the deceased, out of which the claim of usury arose, the competency of the witnesses under section 829 of the Code being reserved for decision, and the testimony being received under that reservation. The justice properly held the testimony of Horton to be incompetent, since this witness clearly had an interest in relieving the maker from liability. The defense of usury proceeded upon the theory that Schoonmaker was an accommodation maker, and that the note had its inception in the usurious transfer by Horton to Frey, the plaintiff's testator. Unless, therefore, Schoonmaker were relieved from liability, Horton was answerable to him as his accommodation maker, and his testimony in the maker's behalf as to the transaction with the deceased was affected with a personal interest, and was accordingly incompetent. It is impossible to escape the conclusion, however, that Schoonmaker's testimony to connect Frey personally with the usury was equally inadmissible for the benefit of Horton, and judgment should therefore have been rendered against both defendants.

Unless the note were accommodation paper, there was no usury, but merely a purchase by Frey from Horton of commercial paper (Cohu v. Husson, 13 Daly, 334); and, on the other hand, failing proof of usury, the accommodation character of the note became immaterial, and the indorser, Horton, thus made liable, would have presumptively a cause of action against the maker (the witness for whom he stood in the position of surety). Neg. Inst. Law, §§ 35, 50; Hill v. Alvord, 19 Hun, 79. Schoonmaker was interested in releasing Horton, and, through this release, to avoid the necessity of resisting the latter's presumptive claim of recourse to him by proof, as between them, that this was an accommodation note. Horton's testimony that the note was for accommodation could not serve to qualify the maker as his witness, because not given in his own behalf; but, had it been, Schoonmaker was still a witness interested in the issue, depending so far upon the acceptance of Horton's testimony; and his own evidence as to the fact of usury was essential to the final acceptance of Horton's statement that this was accommodation

paper, which otherwise became immaterial for the purposes of the adjudication. Schoonmaker therefore was not a witness available to Horton to prove the personal transaction with Frey (Hill v. Alvord, supra), and, the defense being wholly unsupported by competent evidence, the plaintiff was entitled to judgment.

Judgment in favor of defendant Horton reversed, and new trial ordered, with costs to appellants to abide the event. All concur.