BERRENT v. SIMPSON.

(Supreme Court, Appellate Term.   January 8, 1909.)

1. COSTS (§ 55*)—TRIAL COSTS—STATUTORY RIGHT.
    The court on appeal cannot take away the right to trial costs given by Code Civ. Proc. §§ 3228, 3229, providing that the successful party shall be entitled to costs of course.
    [Ed. Note.—For other cases, see Costs, Cent. Dig. § 254; Dec. Dig. § 55.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. Costs (§ 69*)—New Trial.

Where the Appellate Term reverses a judgment of the City Court of the City of New York, "with costs to appellant to abide the event," the costs conditional on the event are only those of the Appellate Court.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 256; Dec. Dig. § 69.*]

3. Costs (§ 55*)—New Trial—Trial Costs.

Where a party successful on the first trial is also successful on the second trial after reversal of the judgment on the first trial with costs to appellant to abide the event, he is entitled to tax the costs awarded him on the first trial and his costs at the second trial.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 254; Dec. Dig. § 55.*]

Appeal from City Court of New York, Trial Term.

Action by Abraham Berrent against William Simpson. From an order denying a motion for a retaxation of the bill of costs, plaintiff appeals. Reversed, and motion for retaxation of costs granted.

See, also, 109 N. Y. Supp. 753.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

Gustavus A. Rogers (Saul E. Rogers, of counsel), for appellant.

Clarence K. McGuire (Arthur A. Henning, of counsel), for respondent.

GILDERSLEEVE, P. J. Upon a former trial the plaintiff obtained a judgment, which was reversed on appeal for evidence improperly introduced by plaintiff, and a new trial was ordered, "with costs to the appellant to abide the event." The plaintiff again succeeded at the second trial, but the clerk refused to tax in plaintiff's favor the costs of the first trial. The plaintiff applied to the court below for a retaxation, and, from the order sustaining the clerk's taxation, plaintiff appeals.

The party finally successful is entitled, upon the entry of a final judgment, to tax costs for all regular proceedings in the trial court, except such motion costs as may have been awarded to his opponent, either absolutely or to abide the event, and also to tax costs of all appeals, unless the Appellate Court had power, under sections 3238 and 3239 of the Code of Civil Procedure, to award, and actually did award, the costs of the appeal to his opponent, either absolutely or to abide the event. This right to trial costs the court cannot take away, where it comes under sections 3228 and 3229 of the Code. Where the Appellate Term of the Supreme Court reverses a judgment of the City Court of the City of New York, "with costs to appellant to abide the event," the costs conditional on the event are only those of the Appellate Court; and, where the respondent again succeeds at the second trial, he is entitled to tax the costs awarded him on the first trial as well as his costs at the second trial. Belt v. Insurance Co., 33 App. Div. 239, 53 N. Y. Supp. 363; Combs v. Combs, 25 Hun, 279; Howell v. Van Siclen, 8 Hun, 524, affirmed 70 N. Y. 595.

The order is reversed, with $10 costs and disbursements, and the motion for a retaxation of costs granted, with $10 costs. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes