## WALNUT HILL BANK v. NATIONAL RESERVE BANK OF CITY OF NEW YORK.

### (Supreme Court, Appellate Term. March 21, 1912.)

Costs (§ 266*)—New Trial—Items Taxable. .

> The Appellate Division reversed an order of the Appellate Term affirming a judgment for plaintiff, with costs in all courts to defendant to abide the event. Upon a new trial the plaintiff was again successful. *Held*, that plaintiff was entitled to tax the costs of the first trial, since he was entitled to these costs by statute, and could not be deprived of them by the Appellate Division, but not to costs of the appeal awarded to defendant to abide the event.

> [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 1009–1016; Dec. Dig. § 266.*]

Appeal from City Court of New York, Special Term.

Action by the Walnut Hill Bank against the National Reserve Bank of the City of New York. From an order denying a retaxation of costs, defendant appeals. Modified.

See, also, 141 App. Div. 475, 126 N. Y. Supp. 430.

Argued March term, 1912, before GUY, LEHMAN, and BIJUR, JJ.

Sullivan & Cromwell (E. H. Sykes, of counsel), for appellant.
Louis F. Doyle (C. H. Payne, of counsel), for respondent.

LEHMAN, J. The defendant appeals from an order denying its motion to retax costs on the ground that the plaintiff has erroneously been permitted to tax the costs of a previous trial in the City Court and of an appeal to the Appellate Term affirming the judgment of the City Court, although the determination of the Appellate Term was thereafter reversed and a new trial granted by the Appellate Division by an order which awarded to the defendant appellant costs in all "courts to abide the event."

The plaintiff, having succeeded at the first trial, was entitled as a matter of right under the final judgment to tax the costs of that trial, and its right could not be taken away by the court. When the Appellate Term affirmed that judgment, the costs of that appeal were also not within the discretion of the court, but were taxable by the respondent as a matter of right. When, however, the Appellate Division reversed the determination of the Appellate Term and granted a new trial, it had the right to grant or withhold costs, and it granted these costs only to the appellant to abide the event.

The order of the court below is based upon the authority of the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

case of Belt v. American Central Insurance Co., 33 App. Div. 239, 53 N. Y. Supp. 363, in which the Appellate Division held that where the court of Appeals reversed a judgment of the Supreme Court and of the General Term, and granted a new trial "with costs to plaintiff to abide the event," the defendant, if again successful, could tax the costs of the first trial and of the appeal to the General Term, on the ground that the word "costs," as used in the order of the Court of Appeals, referred only to costs in that court.

The appellant urges that this case may be distinguished from the case under consideration, on the ground that both cases merely call for the construction of the order of the Appellate Court, and that these orders differ in the significant feature that the one referred only to "costs" and the other to "costs in all courts." Undoubtedly these latter words show an intent by the Appellate Division to grant to the appellant such costs as were within its discretion to grant, and the respondent cannot claim any costs which the Appellate Division had the right to grant or withhold.

The costs of the trial are given to the successful party by statute, and neither the trial nor the appellate court can deprive him of these costs. Berrent v. Simpson, 61 Misc. Rep. 611, 113 N. Y. Supp. 1065. Included in those costs are all items incurred through the previous abortive trial. Hudson v. Erie R. R. Co., 57 App. Div. 98, 68 N. Y. Supp. 28. . The order of the Appellate Division should, therefore, not be so construed as to include these costs. The Appellate Division has, however, reversed the determination of the Appellate Term absolutely, and the plaintiff is not entitled under the order of reversal to any costs in that court.

It is unnecessary to consider whether or not the decision of Belt v. American Central Insurance Company, supra, would apply in the case of an appeal from the determination of the Appellate Term of the Supreme Court to the Appellate Division of the Supreme Court, if the order were in the same form. There is, however, no doubt that upon such reversal the Appellate Division could itself determine to whom and in what event the costs should be awarded, and it has done this unequivocally in the order before us.

The order should therefore be modified, by striking out all costs and disbursements of the former appeal, and, as modified, affirmed, without costs to either party. All concur.