FREDERICK DOBEK, Plaintiff, *v.* AUSTRO AMERICANA
STEAMSHIP COMPANY, LTD., Defendant.

(Supreme Court, New York Special Term, January, 1914.)

Costs — who entitled to tax on appeal — in action for assault.

> Where the plaintiff in an action for assault recovered a judg-
> ment which was reversed and a new trial ordered with costs
> to appellant to abide the event, and a judgment for plaintiff
> on the new trial was reversed and a new trial ordered with
> costs to appellant absolutely, defendant was not entitled to
> tax the costs of the first appeal unless it was finally successful
> in the action, otherwise no one would be entitled to them.
>
> Defendant was entitled to tax the costs of the second appeal
> and unless they were paid could add them to any costs to
> which it might become entitled upon the rendition of a final
> judgment, or offset them against any costs to which plaintiff
> might then be entitled.
>
> Plaintiff, as the successful party, was entitled as matter of
> right to all costs in the trial court.

MOTION to require the clerk to tax costs.

Rooney & Beha, for defendant and motion.

Archibald R. Watson, Corporation Counsel (George
P. Nicholson, of counsel), opposed.

GIEGERICH, J.  The action is to recover damages
for an alleged assault.  The case has been tried twice,
and a third trial has been ordered but has not yet been
had.  On the first trial the plaintiff recovered a judg-
ment, which upon appeal to the Appellate Division was
reversed and a new trial ordered, with costs to the

41

appellant to abide the event. On the second trial the plaintiff again recovered a judgment, which was again reversed by the Appellate Division, a new trial being again ordered. The order of reversal upon the second appeal awarded costs to the appellant absolutely. The defendant has applied to the clerk to tax its costs and has included in its bill the costs of both trials and of both appeals. The clerk has refused to tax any costs. The effect of the orders of the Appellate Division seems quite clear. They do not in any way affect the costs in the trial court. They relate solely to the costs of the appeals. The costs of the first appeal have been awarded to the defendant conditionally. If it is finally successful in the action it will be entitled to these costs; otherwise no one will be entitled to them. The costs of the second appeal have been awarded to the defendant absolutely, and unless paid during the pendency of the action will be added to any costs to which it may become entitled upon rendition of the judgment which finally determines the controversy or set off against any costs to which the plaintiff may then become entitled. The costs in the trial court, including the costs of all trials which may have been had before a final determination is reached, will belong as a matter of right to the successful party; subject only to the provision contained in subdivision 3 of section 3228 of the Code of Civil Procedure that if the plaintiff recovers less than fifty dollars damages his costs cannot exceed the damages. The conclusions thus indicated are sustained by the cases of *Howell* v. *Van Sicklen,* 8 Hun, 524; affd., 70 N. Y. 595; *Belt* v. *Am. Central Ins. Co.,* 33 App. Div. 239; *Berrent* v. *Simpson,* 61 Misc. Rep. 611. It follows that the defendant is entitled to tax the costs of the second appeal and no other costs.

Ordered accordingly.