RALPH PATRICK, Plaintiff, *v.* THE NEW YORK STATE RAILWAYS, Defendant.

(County Court, Oneida County, May, 1914.)

Costs — taxation of — fees —when plaintiff entitled to tax two fees " after notice and before trial " — Code Civ. Pro., § 3251.

> Where the trial of a cause was not completed owing to the illness of a juror occurring after the summing up and before the charge to the jury, plaintiff, who again noticed the cause for trial and obtained a verdict, is entitled to tax two fees " after notice and before trial," under section 3251 of the Code of Civil Procedure.

REVIEW of taxation of costs.

E. L. Smith, for plaintiff.

D. E. Meegan, for defendant.

HAZARD, J. This case has been twice tried. The first trial was not completed owing to the sickness of a juror, occurring after the case had been summed up and before the jury were charged. The case was again noticed for trial and put upon the calendar of a subsequent term, and tried, resulting in a verdict

for the plaintiff. Plaintiff has taxed two items of costs after notice and before trial at fifteen dollars each, and two trial fees at thirty dollars each. Defendant brings the matter here claiming that the second item of costs "after notice and before trial" should not be allowed.

The question presented seems to be one with reference to which there appears to be considerable diversity of judicial opinion. A leading case on the subject is that of *Seifter* v. *Brooklyn Heights R. R. Co.*, 53 App. Div. 443, where it is said, " The better opinion seems to favor the allowance of but one sum for costs after notice of trial and before trial." This case is followed without comment in *Hudson* v. *Erie R. R. Co.*, 57 App. Div. 98, in *Hakonson* v. *Metropolitan St. R. Co.*, 40 Misc. Rep. 182, in *Berrent* v. *Simpson*, 115 N. Y. Supp. 693, and in *Chism* v. *Smith*, 130 id. 881. It is to be observed, however, that the *Seifter* case is decided in part at least upon the fact that as is therein stated (p. 446), " The venue in this case is laid in Kings county, where the calendar practice requires but one notice of trial," and all of the above cases except the last arose in counties where that rule prevails.

The Code provision involved is found in section 3251, and which awards " To either party: For all proceedings after notice of trial, and before trial, except as otherwise prescribed in this article, fifteen dollars." The exception referred to is in cases where a new trial is had, pursuant to an order granting the same, etc. Notwithstanding the interpretation of the above quoted Code provision, there is much authority to the contrary, although it must be conceded that none of it has the authority and weight of either the General Term or the Appellate Division. It was held in *Spring* v. *Day*, 44 How. Pr. 390, that under the Code

provision above quoted, a party might tax two items
of fifteen dollars each, for costs after notice and be-
fore trial, where the jury had disagreed on the first
trial and the *defendant is obliged to renotice the case
for trial.* To the same effect is *Zelmanovitz* v. *Man-
hattan R. Co.,* 24 Civ. Pro. 402; *Gilroy* v. *Badger,* 28
Misc. Rep. 143, in which case it is also said: "In
numerous instances in which a juror has been with-
drawn in the progress of a trial it was for the purpose
of taxation of costs deemed a trial," with numerous
citations; a statement which is of interest here, as the
situations are apparently analogous. See, also, *Kum-
mer* v. *Christopher & T. St. R. R. Co.,* 12 Misc. Rep.
387.

It thus appears that the apparent conflict of author-
ity upon the subject in question may be reconciled;
as those against the proposition are in counties where
only one notice of trial need be served, whereas a
different rule seems to apply in counties where a
notice of trial is required to be served for each and
every term. It does not, however, occur to me that
the distinction is a particularly sound one. Costs are
designed to compensate a party for the services of his
attorney in the case. Every lawyer of any experience
whatever knows that there are many "proceedings
after notice and before trial," including interviewing
and subpœnaing witnesses, taking the necessary steps
to get the case upon the calendar and also upon the
day calendar, and in attendance upon the day calendar,
all of which involve in many cases a very substantial
amount of services, compared with which the mere item
of serving a notice of trial is negligible. It does not
seem to be disputed in this case that plaintiff is en-
titled to two trial fees, and it seems to me that he is
just as clearly entitled to two fees after notice and
before trial. It seems to me that the two necessarily

go together, and that one is as well earned as the other. It may be that in counties where only one notice of trial is served, a highly technical construction of the Code provision above quoted will preclude the taxation of more than one item of fifteen dollars in any and every event; but apparently the rule does not necessarily apply in this county, and, as I do not regard it as a just one, I think the item in dispute should, therefore, be allowed. So ordered.

Ordered accordingly.