Rachel A. Woolsey, Appellant, *v.* The Trustees of the Village of Ellenville, Respondent. No. 1.

*Costs imposed as a condition of an amendment — cannot be again taxed.*

Where a party to an action is permitted to amend his pleading upon the payment of costs, an order to that effect is an adjudication that the items covered thereby belong to the party adverse to the one so amending, and such costs cannot again be taxed by either party to the action.

Appeal by the plaintiff, Rachel A. Woolsey, from an order of the Supreme Court, made at the Ulster Special Term and entered

in the office of the clerk of the county of Ulster on the 2d day of July, 1894, disallowing certain items of the plaintiff's bill of costs, upon the ground that such items were improperly allowed to the plaintiff upon the taxation of her costs by the clerk.

*John E. Van Etten*, for the appellant.

*George G. & J. B. Keeler* and *A. T. Clearwater*, for the respondent.

MAYHAM, P. J.:

This is an appeal from an order of the Special Term modifying a bill of costs, as taxed by the clerk of Ulster county, in favor of the plaintiff.

After two trials at the Circuit and an appeal to the General Term on the third trial, the plaintiff obtained leave to amend her complaint on complying with the following order:

" Ordered, that leave be and the same hereby is granted to the plaintiff herein to file and serve a copy of said amended complaint upon the defendant's attorneys herein, within twenty days from the date hereof, on payment to the defendant's attorneys of the statutory costs after the first notice of trial, including two trial fees at the Circuit and one argument fee at the General Term, and ten dollars costs of this motion, but no disbursements or witnesses' fees or printing disbursements to be included in said payment, nor any other costs at the General Term, except one argument fee."

It appears that the items of costs above directed to be paid amounted in the aggregate to the sum of $190, and that the same constitute the statutory allowance to the defendant for the items embraced in the order.

On the third trial, and after the amendment of the complaint, the plaintiff recovered a verdict of $4,000, and on entering judgment on such verdict presented to the clerk for adjustment the same items of costs against the defendant and amounting to the same aggregate sum as that directed in the order allowing the amendment of the complaint to be paid by the plaintiff to the defendant as a condition for such amendment, which the clerk taxed under defendant's objection, and which, on motion before the Special Term, were stricken out, and from which order this appeal is taken.

The plaintiff accepted of the terms imposed for the privilege to amend her complaint.

We think the case comes clearly within the principle of the decision in *The Seneca Nation of Indians* v. *Hawley* (32 Hun, 288).

As was said in that case, " the order was an adjudication that the items covered by it belonged to the plaintiff. They could not again be taxed in favor of either party." This was the view taken by the learned judge at Special Term, in which we fully concur.

The order must be affirmed, with ten dollars costs and printing disbursements.

PUTNAM and HERRICK, JJ., concurred.

Order affirmed, with ten dollars costs and printing and other disbursements.