## CAHILL v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. April 12, 1900.)

Costs—Condition to Amendment—Payment—Retaxation.
    Where costs are awarded against defendant, as a condition of leave to
    file an amended answer, plaintiff, having received the costs, cannot again
    tax the same costs on finally succeeding in the action.
        Van Brunt, P. J., and O'Brien, J., dissenting.

Appeal from special term, New York county.

Action by Susanna V. Cahill against the mayor, aldermen, and commonalty of the city of New York. From an order denying a retaxation of costs (63 N. Y. Supp. 509), plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

S. P. Cahill, for appellant.
Theodore Connoly, for respondent.

INGRAHAM, J. This action being at issue, the defendant made an application for leave to amend its answer, which seems to have been granted "on payment of taxable costs to date." Such costs were taxed at the sum of $85, and were paid by the defendant to the plaintiff, and the amended answer served. Subsequently the action came on for trial, and the plaintiff recovered a verdict. The plaintiff then sought to tax all the costs in the action, including the costs which had been before taxed and paid by the defendant as a condition of being allowed to serve an amended answer. The clerk, upon the taxation, disallowed the items of costs and disbursements which had been paid by the defendant as a condition of such amendment, and upon appeal to the special term such taxation was affirmed. We think, under the form of the order allowing the amendment, the taxation of the clerk was right. At the time the motion for leave to amend was made, certain costs had accrued, to which the plaintiff, in the event of her succeeding upon the final disposition of the action, would be entitled. There were the costs before notice of trial, costs after notice of trial, and term fees, with the disbursements for serving the summons and complaint, and placing the case upon the calendar. As a condition of the amendment, the court required that the defendant should pay to the plaintiff the taxable costs that had then accrued. By the conditions imposed by the order allowing the amendment, the plaintiff became entitled to the costs, irrespective of the final result of the action; but they were the costs of the action up to that time, and were taxed and paid as such costs. The plaintiff has thus received the costs of the action that had accrued up to the date of the service of the amended answer. There was nothing in the order allowing the defendant to amend which imposed, as a condition of the amendment, that the defendant would be liable to pay such costs a second time. The effect of the order granting the amendment was that the costs of that action which had then accrued should be paid to the plaintiff, whether she recovered in the action or not, and those costs she had received. The services for which these costs are

allowed had been rendered, the plaintiff's complaint had been prepared and served, and the case had been put upon the calendar.   The necessary disbursements incurred up to the time had been awarded to the plaintiff, and paid by the defendant.   No reason appears why the defendant should again pay for these services.   This result, we think, accords with the practice, and is sustained by authority.   2 Rumsey, Prac. p. 513, states the rule as follows:

"When a favor has been granted to a party on condition of payment of costs, if the party who receives the costs finally succeeds in the action he cannot tax them again as general costs of the action."

With that statement of the rule we concur.

It follows that the order appealed from must be affirmed, with $10 costs and disbursements.

PATTERSON and McLAUGHLIN, JJ., concur.

O'BRIEN, J. (dissenting).   Upon the termination of the action in her favor, the plaintiff was entitled, under section 3228 of the Code of Civil Procedure, to tax the full bill of costs; and, unless she had waived it, there was no discretion in the court to deprive her of that right.   The question of the effect of a provision in an order granting a party leave to answer upon payment of costs to date upon the right, in case of success, to again tax a full bill of costs, has been frequently before the courts, but has resulted in conflicting decisions, which we shall not attempt to reconcile.   We think, however, that the view of the general term of the court of common pleas in Cohu v. Husson, 13 Daly, 334, is supported by reason.   In the opinion in that case it was said:

"It is objected that the 'costs to date,' having been paid under the order imposing those terms as a condition of amendment, cannot be recovered again in the judgment entered by the party who has received them.   The city court held that he could; following the New York superior court in Havemeyer v. Havemeyer, 48 N. Y. Super. Ct. 104; holding that the order imposing 'payment of costs of the action to the present time,' as a condition of amendment, contemplated only a compensation to the plaintiff for the amendment, to be measured by the taxable costs to the time of its entry.   This view seems to be reasonable.   Any other construction would, in the event of ultimate recovery by the party who had received the costs, deprive him of the compensation intended as an offset to the favor granted to his adversary."

And in the case of Havemeyer v. Havemeyer, 48 N. Y. Super. Ct. 104, 105, it was said:

"The condition was not, as the plaintiffs now claim, that the defendants should pay the plaintiff's costs, and, in addition, submit to the loss of their disbursements, though they should finally succeed in the action.   Language very different from that which was used would be required, to maintain this proposition.   Nor can I perceive that the imposition of the condition was in legal effect a final disposition of the costs of the whole litigation on both sides up to that time.   The order having been made during the pendency of the issues, and in the exercise of the discretion of the court, and in respect to a matter of pleading, merely, it contemplated, not a final and complete disposition of all costs that had accrued up to that time, as such, but a compensation to the plaintiffs for the amendment, to be measured by the taxable costs to which they would have been entitled in case then and there they had succeeded. The same ruling was made by the special term of this court in Donovan v. Board, 1 Civ. Proc. R. 311."

The injustice in the application of any other rule could not be more apparent than in the present action, wherein, after the case had been at issue for three years, an application was made to amend the answer by setting up the statute of limitations, which was granted upon payment of the taxable costs; and this payment, having been made as a condition to the granting of the favor, is now held to be an obstacle to the right which the plaintiff has, as the successful party, under the Code, to tax a full bill of costs. In providing for the payment of "the taxable costs to date," what was done by the court was to adopt a method which would be fair for fixing the amount which the defendant should pay for the favor granted in being allowed, after so long a time, to interpose a defense or a new issue in the case. If, upon plaintiff's succeeding, the defendant is to be credited with the amount thus paid, it really has paid nothing for the favor granted, and the plaintiff has obtained no compensation for the additional labor, expense, and delay entailed by the amendment to the answer allowed. We think the order appealed from should be reversed, with costs, and the motion to retax the costs should be granted, with $10 costs.

VAN BRUNT, P. J., concurs.