on the personal property of the judgment debtor before levying upon the real estate; (3) that no leave to issue said execution has been granted or obtained. A motion had heretofore been made in this court to have the aforesaid judgment canceled on the ground that the defendant had been duly discharged in bankruptcy, which motion was denied upon the ground that the said judgment was not described in the schedules filed by the judgment debtor in said bankruptcy proceedings. I shall take under consideration the question whether the execution describes the interest of the judgment debtor in the property sought to be levied upon sufficiently to comply with section 1252, which is as follows:

"When ten years after filing the judgment roll have expired, real property * * * which the judgment debtor * * * then has in any county may be levied upon by virtue of an execution against property issued to the sheriff of that county * * * by filing with the clerk * * * a notice, subscribed by the sheriff, describing the judgment, the execution and the property levied upon. * * * The notice must be recorded and indexed by the clerk as a notice of pendency of action. * * * The judgment binds and becomes a charge upon the right and title thus levied upon of the judgment debtor * * * only from the time of recording and indexing the notice, and until the execution is set aside or returned."

I believe that the execution issued under section 1252 should correctly state the interest which the party issuing the execution is entitled to have sold, and that, as the execution in this action and the proceeding under it fail to do so, should be set aside. Hansee v. Fiero, 56 Hun, 463, 10 N. Y. Supp. 494; Floyd v. Clark (Common Plea) 17 N. Y. Supp. 848. Neither in said notice nor in the execution herein does there appear any reference to what "right, title and interest" the defendant Coutant has in the real property sought to be levied upon, whether it is that of owner of the fee, tenant in common, life tenant, lessee, mortgagee, etc. Garczynski v. Russell, 75 Hun, 497, 27 N. Y. Supp. 467. The execution and proceedings under it should be made to conform with section 1252, and accurately and correctly describe the interest of the judgment debtor sought to be levied upon and advertised for sale. Any other course of procedure would lead to confusion as to the rights of purchasers and other judgment creditors or lienors, would jeopardize the rights of persons interested in the land, provoke litigation, and render the title to the property sought to be sold doubtful and uncertain.

For the reasons stated, and without passing upon the other points raised, the motion to vacate and set aside the execution issued herein on the 2d day of November, 1907, and to cancel and discharge of record the notice filed herein on said day by the sheriff under section 1252 of the Code of Civil Procedure, be granted. Settle order on notice.

---

R. M. GILMOUR MFG. CO. v. STETTLER et al.

(City Court of New York, Special Term. March 11, 1908.)

1. COSTS—SUCCESSIVE TRIALS—TRIAL FEE.
   Though a trial is abortive, plaintiff, on succeeding on a subsequent trial, is entitled to a trial fee of $30 for each trial.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Costs, § 614.]

2. SAME—AFTER GRANTING OF AND BEFORE NEW TRIAL.

Under the express provisions of Code Civ. Proc. § 3251, subd. 3, where a new trial is had, $25 costs may be awarded to either party for all proceedings after the granting of and before the new trial.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Costs, §§ 1011, 1012.]

3. SAME—STENOGRAPHER'S MINUTES FOR USE ON SUBSEQUENT TRIAL.

The expense of procuring stenographer's minutes of a trial for use on a subsequent trial is not properly taxable as a disbursement.

Action by the R. M. Gilmour Manufacturing Company against Henry I. Stettler and others. Cross-motions to review taxation of costs. Clerk directed to adjust plaintiff's costs in accordance with opinion.

Lyon & Smith, for the motion.
H. C. Mitchell, opposed.

FINELITE, J. These are cross-motions to review the taxation of costs herein. There were two trials had. The first trial was on March 16, 1897, when the verdict of the jury in favor of the plaintiff was set aside and a new trial ordered. The cause was again tried on February 24, 1908, after a lapse of 11 years, and again resulted in a verdict in favor of the plaintiff. The plaintiff asked in his bill of costs for two trial fees, which the clerk refused to allow, taxing only one trial fee of $30. The clerk, under exception by the defendant, allowed $25 costs for proceedings before and after granting new trial, and allowed and taxed as a disbursement of the plaintiff $35.40 for stenographer's minutes for use upon the second trial, on account of death of witness, to which the defendant excepted.

The plaintiff, being the successful party, is entitled to a trial fee of $30 for each trial had, even though the prior trial was abortive. Hudson v. Erie R. R., 57 App. Div. 98, 68 N. Y. Supp. 28. The item of $25 for proceedings before and after granting new trial was properly allowed. Subdivision 3, § 3251, Code Civ. Proc.

The clerk allowed $35.40 paid by plaintiff for stenographer's minutes. The lapse of time between the two trials of this action was nearly 11 years, and during that time plaintiff's counsel, having charge of the cause, died, as did also one of the plaintiff's and one of the defendant's witnesses. Another of the plaintiff's witnesses was without the state of New York. Another of the defendant's witnesses could not be found. It was stipulated between the respective attorneys that the stenographer's minutes of the testimony of said witnesses on the first trial could be read in evidence at the second trial. This item should have been disallowed. There are decisions to the effect that the expense of procuring the stenographer's minutes of a trial for use upon a subsequent trial may properly be taxed as a disbursement, but the better opinion would seem to the contrary. Hamilton v. Butler, 30 How. Prac. 36; Pfandler Barm Extracting Co. v. Pfandler, 39 Hun, 191; Pfandler Co. v. Sargent, 43 Hun, 154; Whitney v. Roe, 75 Hun, 508, 27 N. Y. Supp. 511; Shaver v. Eldred, 86 Hun, 51, 33 N. Y. Supp. 158; Equitable Life Assur. Soc. v. Hughes, 125 N. Y. 106, 111, 26 N. E. 1, 11 L. R. A. 280. In 1892, by chapter 185, p. 420, of the Laws

of that year, the Legislature amended section 3256 of the Code of Civil Procedure, so as to make the expense of procuring stenographers' minutes a taxable disbursement; but the law was repealed before it took effect by chapter 592, p. 1137, of the Laws of 1892.

The clerk is directed to readjust the plaintiff's costs in accordance with the foregoing decision, without costs on these cross-motions to either party.