(89 Misc. Rep. 606)

## H. G. VOGEL CO. v. REINHARDT.

(City Court of New York, Special Term. March, 1915.)

1. COSTS ⬤═146—ITEMS RECOVERABLE—COSTS BEFORE NOTICE OF TRIAL.

A defendant, finally succeeding in the action, after the filing of an amended complaint, allowed on payment of taxable costs to date of filing, is entitled to $10 costs before notice of trial and $10 term fee.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 567–569, 572–574; Dec. Dig. ⬤═146.]

2. COSTS ⬤═146—ITEMS RECOVERABLE—COSTS AFTER NOTICE OF TRIAL.

A defendant, finally succeeding in the action after the filing by plaintiff of an amended complaint on payment of taxable costs to date, may only recover one item of $15 for costs after notice of trial, though the case came to trial three times.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 567–569, 572–574; Dec. Dig. ⬤═146.]

3. COSTS ⬤═180—ITEMS RECOVERABLE—STENOGRAPHER'S FEES ON FORMER TRIAL.

A defendant, finally succeeding in the action, may not recover disbursements incurred in procuring stenographer's minutes of a former trial for use on the final trial.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 712; Dec. Dig. ⬤═180.]

Action by the H. G. Vogel Company against George N. Reinhardt. On motion by defendant to retax costs. Motion granted.

Adolph E. Gutgsell, of New York City, for the motion.
David Bernstein, of New York City, opposed.

FINELITE, J. Motion to review taxation of costs. The action come on for trial on three different occasions. On the first trial a juror was withdrawn at plaintiff's request. On the second trial the case was tried as a short cause, but as the trial consumed more time than permitted by the rule, and as plaintiff desired to amend its bill of particulars, the case was marked off the short cause calendar and sent to the foot of the general calendar. On the third trial, on motion of defendant, the complaint was dismissed. After the first trial the plaintiff moved at Special Term for leave to serve an amended complaint, which motion was granted upon payment of taxable costs to date, subsequent to which such costs were paid and amended complaint served. After the third trial, which, as above stated, resulted in a dismissal of the complaint, defendant presented his bill of costs to the clerk for taxation. This included, among other items, costs before notice of trial, $10; costs after notice of trial (three items of $15 each), $45; term fee, $10; and, as a disbursement, the item of $11 for stenographer's minutes. The clerk struck from the bill presented the following items: Costs before notice of trial, $10; costs after notice of trial (two items), $30; term fee, $10; and also the item of disbursements sought to be charged—to all of which deductions defendant excepted, and now moves to have same reviewed.

[1] The first question that presents itself is whether, under the

order permitting the plaintiff to amend its complaint upon payment of taxable costs to date, the defendant, upon finally succeeding in the action, is entitled to again tax the costs which have been paid to him by plaintiff as a condition for such amendment. There has been a conflict of opinion upon this point. Some of the authorities hold that the party who receives the costs by reason of a favor having been granted to the other side cannot, even though ultimately successful in the action, again tax them as general costs in the case. Rumsey's Practice, vol. 2, p. 513; Andrews v. Cross, 17 Abb. N. C. 92; Marx v. Gross, 2 Misc. Rep. 500, 22 N. Y. Supp. 387; Byrne v. Brooklyn City & N. R. Co., 6 Misc. Rep. 6, 26 N. Y. Supp. 65. It has also been held that a party who has paid costs imposed as a condition for the granting of a favor cannot, upon finally succeeding, again tax the item so paid. Seneca Nat. Bank v. Hawley, 32 Hun, 288; Skinner v. White, 69 Hun, 127, 23 N. Y. Supp. 384; Woolsey v. Trustees of Village of Ellenville, 84 Hun, 234, 32 N. Y. Supp. 546; Cahill v. Mayor, 50 App. Div. 276, 63 N. Y. Supp. 1006. These decisions were on the theory that the imposition of costs on the granting of a favor constituted an adjudication that such costs belonged to the party to whom they were directed to be paid, and when once paid could not again be taxed by either party.

The opposite view, however, is to the effect that such costs should not be considered as a final disposition of the rights of the parties to the accrued costs *as such* but merely as a measure of the compensation awarded to a party for his additional labor, expense, and delay because of the favor granted to his adversary. Havemeyer v. Havemeyer, 48 Super. Ct. 104; Donovan v. Board of Education, 1 Civ. Proc. 311; Dovale v. Ackerman (Sup.) 11 N. Y. Supp. 5. See, also, the dissenting opinion of O'Brien, J., concurred in by Van Brunt, J., in Cahill v. Mayor, supra, and Grant v. Lambert, 110 App. Div. 149, 97 N. Y. Supp. 38. In the latter case the Appellate Division of this department held that such costs may again be taxed. The defendant in that case moved to amend his answer, which motion was granted upon payment of taxable costs and disbursements to date, which amounted to $785.54, made up of $509.94 disbursements and $275.60 costs. The court disallowed a retaxation of the disbursements upon the theory that the same, when inserted in a bill of costs, are for the purpose of reimbursing the successful party for the moneys expended by him and which are to be paid by the defeated party, and that when once paid they cannot again be taxed. With reference to the costs, however, the court held that the amendment of the answer presented new issues which compelled the plaintiff to proceed anew with his preparation for trial, and that for this reason he was entitled to tax his costs before notice of trial, costs after notice of trial, and the term fee, as well as the costs of all subsequent proceedings. So, also, in the case at bar, when the plaintiff served its amended complaint, the defendant was obliged to and did prepare and serve an amended answer thereto, and was compelled to prepare to meet the new issues presented by the amended pleading. It follows, therefore, under the rule laid down in the case of Grant

v. Lambert, that, notwithstanding the fact that the costs have once been paid, the clerk erred in refusing to again tax the same upon the defendant's finally succeeding in the action.

[2] The next question arising is as to the correctness of the amounts sought to be taxed·by the defendant. The first is the item of $10 costs before notice of trial. In view of the foregoing, the defendant is entitled to this sum. For the same reason the item of $10 term fee should have been taxed. The defendant also sought to have the sum of $45, consisting of three items of $15 each, costs after notice of trial, taxed. The clerk allowed but one item of $15, and defendant now contends that the refusal of the clerk to allow the two remaining items was erroneous. In this connection defendant cites Gilroy v. Badger, 28 Misc. Rep. 143, 58 N. Y. Supp. 1106, in which the Appellate Term held that two items of costs after notice of trial may be taxed by the party ultimately successful, where two trials were had, even though one of them, as in this case, was an unfinished trial. This apparently was the rule until the Appellate Division in the Second Department, in the case of Scifter v. Brooklyn Heights R. R., 53 App. Div. 443, 65 N. Y. Supp. 1123, held that but one item of $15 for costs after notice of trial could be allowed, which decision was followed in Hudson v. Erie R. R., 57 App. Div. 99, 68 N. Y. Supp. 28, also a decision of the Appellate Division, Second Department. Both of these cases were cited by the Appellate Term in this department in Hakonson v. Metropolitan St. Ry., 40 Misc. Rep. 182, 81 N. Y. Supp. 662; the court holding that, notwithstanding its earlier decision in Gilroy v. Badger, supra, it was bound by the later decisions of the Appellate Division above cited. The clerk's action in refusing to tax more than one item of $15 was correct.

[3] The next question raised is as to the disbursement of $11 incurred by defendant in procuring the stenographer's minutes of a former trial for use on the subsequent trial. This the clerk refused to tax, and correctly so. See Gilmour v. Stetler, 58 Misc. Rep. 361, 109 N. Y. Supp. 667, and numerous cases cited therein.

The clerk is directed to readjust the defendant's costs in accordance with this decision. Order signed.