CHESTER H. DAILEY, Plaintiff, v. DAVID STROMBERG, Defendant.

(Supreme Court, Kings Special Term for Motions, February, 1919.)

Default — costs as a penalty in opening default.

> Where an inquest has been taken on a counterclaim, the court may make it a condition of granting a motion to open the default, that plaintiff pay to defendant the amount of costs taxed upon the entry of the judgment by default and the costs of the motion, the payment of which is a penalty, and is not the payment of the costs which a party may become entitled to if successful in the action.

MOTION to review taxation of costs.

Meyer Greenberg, for motion.

James A. Gray, opposed.

CROPSEY, J. This motion brings for review a question that frequently arises. An inquest was taken by defendant on its counterclaim. Plaintiff moved to open the default and its motion was granted " upon the condition that the plaintiff pay to the defendant * * * the sum of one hundred eleven and eighty-five one-hundredths dollars, the costs taxed herein upon the entry of the said judgment and ten dollars costs of this motion, making in all the sum of one hundred twenty-one and eighty-five one-hundredths dollars." Thereafter the case was tried and the defendant again succeeded upon its counterclaim. The clerk refused to tax the items of costs which made up the sum the plaintiff paid upon opening the default. This is a motion to review that taxation.

There are a number of decisions on this question and they are not in harmony. Some of them sustain the action of the clerk. *Andrews* v. *Cross,* 17 Abb. N. C. 92; 2 Rumsey Pr. 618; *Marx* v. *Gross,* 23 Civ. Pro. 97; *Woolsey* v. *Trustees of Ellenville, No. 1,*

84 Hun, 234; *Cahill* v. *City of New York,* 50 App. Div. 276. Others hold that the costs in question should be taxed although they already have been paid. *Havemeyer* v. *Havemeyer,* 48 N. Y. Super. Ct. 104; *Cohu* v. *Husson,* 13 Daly, 334, 337, 338; *Starr Cash Car Co.* v. *Reinhardt,* 6 Misc. Rep. 365; *Grant* v. *Pratt & Lambert,* 110 App. Div. 149; *Vogel Co.* v. *Reinhardt,* 89 Misc. Rep. 606.

The plaintiff relies upon *Cahill* v. *City of New York, supra.* But this case seems to be in direct conflict with the later case of *Grant* v. *Pratt & Lambert, supra,* the opinions in both cases being written by the same justice.

In view of the conflict in the authorities the question may be considered free from controlling decisions. When costs are allowed as a condition for serving a pleading or of opening a default they are granted as compensation to the opposing party and as a penalty against the party obtaining the favor. On this principle the payment of the amount is not the payment of the costs to which the other party may become entitled if successful. To hold that such payment prevented the taxing of the costs would in this case mean that the plaintiff was granted a favor without any penalty although it was plainly the intention that he should pay for the privilege of opening the default. Viewed in that light the payment merely gives the moving party the favor he has sought. It does not discharge him from all obligation to later pay the costs if he is unsuccessful. The reference to the costs in the order was merely for the purpose of fixing the amount of the penalty the plaintiff had to pay in order to obtain the favor he sought.

The motion is granted and the items of costs in question are taxed.

Motion granted.